419 So.2d 818 (1982)
Terry ZIEGLER, James Greenbaum, Jeffrey Wallerstein and Prime Financial Services, Inc., a Florida Corporation, Petitioners,
v.
The Honorable Francis X. KNUCK, a Judge in the Eleventh Judicial Circuit in and for Dade County, Florida, and Kgg, Inc., a Florida Corporation, Respondents.
No. 82-1058.
District Court of Appeal of Florida, Third District.
September 28, 1982.
Dan Cytryn, Lauderhill, for petitioners.
Steven B. Dolchin, Hollywood, for respondents.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.

*819 ON PETITION FOR WRIT OF CERTIORARI
PEARSON, DANIEL S., Judge.
KGG, Inc., the respondent, and Prime Financial Services, Inc., the petitioner, each own fifty per cent of a partnership called Prime Financial Sales. Frank, Strelkow & Gay, the attorneys for the partnership, recovered a judgment and received moneys from the judgment debtor on behalf of their client. A dispute having arisen between the partners in Prime Financial Sales as to the entitlement to the funds, the attorneys, as holders of the funds, filed a complaint for interpleader joining the partners as defendants.[1] The trial court ordered the moneys paid into the registry of the court and dismissed the attorney-stakeholders from the action.[2]
After the stakeholders were dismissed, KGG, Inc. filed a cross-claim against its partner, Prime Financial Services, Inc., for breach of contract, diversion of partnership funds, conversion of assets, and breach of fiduciary duty. Before filing any other pleading against KGG, the petitioner moved to dismiss the crossclaim and to compel arbitration. The motion was denied by the trial court, and its denial is the subject of this petition for certiorari. We have jurisdiction. Lapidus v. Arlen Beach Condominium Association, 394 So.2d 1102 (Fla. 3d DCA 1981).
The partnership agreement between the petitioner and the respondent contained the following arbitration clause:
"Arbitration of all Disagreements and Controversies

"The parties wish to provide a speedy and informal method for resolving all disagreements and controversies and to break all `deadlocks'. To do this Paul H. Clancy, President of Bengal has been designated as `arbitrator'
"Either party, with or without notice to the other party, may submit a question or controversy to the Arbitrator for a decision, which shall be final and binding upon both parties. The Arbitrator shall establish such procedures as he deems appropriate, permit both sides to be heard by him and render a speedy decision. The Arbitrator will hold a formal hearing as requested by either party."
The respondent first urges that the language of the arbitration clause, "either party ... may submit ...," does not require arbitration, but instead makes arbitration optional. Of course, even if the language of the arbitration clause were compulsory, the right to forego insistence upon its enforcement is always optional. Thus, the use of the optional language is little different than the use of the compulsory language  it creates in either party the right to insist upon arbitration; it creates in neither party the right to resist arbitration insisted upon by the other. Construing a clause similar to the one at issue here, the court in Bonnot v. Congress of Independent Unions Local # 14, 331 F.2d 355 (8th Cir.1964), stated:
"We should mention, perhaps, the union's suggestion that the bargaining agreement does not compel arbitration, but only provides that either party `may request it,' that it is thus permissive and optional; and that neither it nor the contractor elected to arbitrate. The result claimed to follow is that the arbitration here is not mandatory. We think that the result is necessarily the other way. The obvious purpose of the `may' language is to give an aggrieved party the choice between arbitration or the abandonment of its claim. The presence of this or similar language has not prevented the conclusion that a claim, if pressed, is compulsorily subject to arbitration. See [United Steelworkers of America v.] American Mfg. Co., supra, p. 565 of 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 *820 [(1960)], where the contract provided that differences `may be submitted', and Drake [Bakeries, Inc. v. Local 50, American Bakery, etc. Workers], supra, p. 257 of 370 U.S. [254], p. 1349 of 82 S.Ct. [1346], 8 L.Ed.2d 474, footnote 2 [(1962)], where the contract read, `either party shall have the right to refer the matter to arbitration'. The Fifth Circuit has flatly rejected the union's argument. Deaton Truck Line, Inc. v. Local 612 etc., International Bhd. of Teamsters, 314 F.2d 418, 422 (5 Cir.1962). We agree. If either Employees Labor Ass'n v. Proctor & Gamble Mfg. Co., 172 F. Supp. 210, 214 (D.Kans. 1959), or Wisconsin Motor Corp. v. Wisconsin Employment Relations Bd., 274 Wis. 85, 79 N.W.2d 119, 124 (1956),[3] contains any implication to the contrary, we only note that both were decided before American Mfg. Co. and Drake. We follow the later federal precedents we have cited." Id. at 359-60.
And in Deaton Truck Line, Inc. v. Local Union 612, International Brotherhood of Teamsters, 314 F.2d 418 (5th Cir.1962), relied on in Bonnot, supra, the court held:
"Appellant argues that the use of the word `may' in the contract prevents arbitration from being compulsory or obligatory. Clearly, however, `may' should be construed to give either aggrieved party the option to require arbitration. United Steelworkers of America v. American Mfg. Co., 1960, 363 U.S. 564, 565, n. 1, 80 S.Ct. 1343 [1345] 4 L.Ed.2d 1403; International Association of Machinists, AFLCIO v. Hayes Corp., 5th Cir., 1961, 296 F.2d 238, 241, n. 6." Id. at 422.
In our view, these cases set at rest the respondent's first contention. Therefore, since the petitioner insisted upon its option to arbitrate the dispute by submitting the controversy to the named arbitrator simultaneously with the filing of its motion to compel arbitration, and the dispute between the partners as to the entitlement to the interpleaded funds is undoubtedly a disagreement or controversy within the meaning of the clause, the petitioner's right to compel arbitration is clear unless, as the respondent next urges, the petitioner has waived its right by some action inconsistent with arbitration.
The respondent argues that waiver occurred when the petitioner resisted the stakeholder's interpleader action, initially through motions to dismiss, strike, and to transfer venue to Broward County, and next by its answer and affirmative defenses to that action, all without mention of the petitioner's right to arbitrate. The respondent further suggests that even if these acts did not constitute a waiver, the petitioner's later act of answering the respondent's crossclaim, and crossclaiming for the interpleaded funds after an adverse ruling on the motion to compel arbitration was itself a waiver. Again we disagree.
The petitioner's actions vis-a-vis Frank, Strelkow & Gay, the interpleader-plaintiff, are irrelevant to a claim that it waived arbitration as against KGG. The partnership agreement which gave the petitioner a right to arbitrate was between the co-defendant, KGG, and the petitioner, not between the interpleading plaintiff and the petitioner. The petitioner could not interpose the arbitration agreement as a defense to the interpleader. The issue whether the interpleader action was a proper one, raised in the petitioner's motions to dismiss and strike the complaint for interpleader and its affirmative defense to that action, was not an issue subject to arbitration. Only the defense of a lawsuit on issues subject to arbitration may constitute a waiver. See Seville Condominium # 1, Inc. v. Clearwater Development Corp., 340 So.2d 1243 (Fla. 2d DCA 1976). Since the right of the interpleading plaintiff to interplead the funds was not an issue subject to arbitration, and since all pleadings filed by the petitioner prior to its motion to compel arbitration were directed only to the propriety of the interpleader action, there was no *821 waiver of the right to arbitrate in these pleadings of the petitioner.
It was not until the trial court allowed the interpleader that KGG filed its crossclaim against the petitioner and the issue of arbitration ripened. At that point, the petitioner moved to compel arbitration and its motion was denied. It was after the denial of this motion that, its motion to stay further proceedings having been denied by the trial court, the petitioner, under threat of default, answered KGG's crossclaim, filed affirmative defenses thereto, and cross-claimed against KGG for the interpleaded funds. We do not deem this compelled submission to the trial court's ruling to be a repudiation by the petitioner of its right to arbitration when the very ruling denying arbitration is challenged by a timely petition for certiorari. Nor by the same reasoning can the petitioner's crossclaim against KGG, the equivalent of a compulsory counterclaim, be deemed a waiver. The petitioner, having timely moved to compel arbitration, has not by its subsequent obligatory pleadings waived its rights to arbitration.
The petition for writ of certiorari is granted, and the trial court's order denying petitioner's motion to compel arbitration is quashed with directions to the trial court to compel arbitration pursuant to the parties' agreement and to stay all further proceedings in the trial court pending arbitration.
NOTES
[1] The complaint also joined five individuals, Ziegler, et al., who were the shareholders of Prime Financial Services, Inc. The parties make no distinction between the petitioners.
[2] The propriety of the interpleader action and the dismissal of the attorneys is the subject of a separate appeal pending in this court, Ziegler, et al. v. Frank, Strelkow & Gay, Case No. 82-461.
[3] The respondent's reliance on Wisconsin Motor Corp. v. Wisconsin Employment Relations Board, supra, is thus misplaced. In any event, we read Wisconsin Motor Corp. as being a waiver case.