532 So.2d 1334 (1988)
CONCRETE DESIGN STRUCTURES, INC., a Florida Corporation, and Robert L. Lapp, Appellants,
v.
P.L. DODGE FOUNDATION, INC., a Florida Corporation, and New Dodge Management Corporation, a Delaware Corporation, Individually and As Assignee of the Rights of P.L. Dodge Foundation, Inc. Appellees.
No. 88-192.
District Court of Appeal of Florida, Third District.
November 1, 1988.
Miles J. Gopman, Miramar, for appellants.
Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and Sally R. Doerner, Miami, for appellees.
Before HUBBART and FERGUSON, JJ., and COWART, JOE A., Jr., Associate Judge.
PER CURIAM.
The single issue presented for review is whether filing a counterclaim and motion *1335 to dismiss the complaint at the same time a motion to compel arbitration is filed, without more, waives the contractual right to arbitrate. We hold that it does not. See Wieneke v. Raymond, James & Assocs., 495 So.2d 869 (Fla. 2d DCA 1986); Ziegler v. Knuck, 419 So.2d 818 (Fla. 3d DCA 1982); and Genstar S. Dev. Corp. v. Troup Bros., 396 So.2d 211 (Fla. 3d DCA 1981). Coral 97 Assocs., Ltd. v. Chino Elec., Inc., 501 So.2d 69 (Fla. 3d DCA 1987), the case relied on by the appellees, is distinguishable. In Coral 97 it was the act of implementing discovery, following the simultaneous filings of the counterclaim and motions to arbitrate and dismiss, that was held inconsistent with and thus a waiver of the arbitration right. Id. at 70-71.
Reversed and remanded with instructions to order arbitration.