711 So.2d 176 (1998)
OWENS & MINOR MEDICAL, INC., Appellant,
v.
INNOVATIVE MARKETING AND DISTRIBUTION SERVICES, INC. a/k/a Haines Healthcare, Haines & Brown, Inc., f/k/a BHR Enterprises, Inc., a Florida corporation, and Superior Surgical, Inc., Appellees.
No. 97-2146.
District Court of Appeal of Florida, Fourth District.
May 13, 1998.
Michael W. Ullman of Ullman & Ullman, P.A., Fort Lauderdale, and Richard A. Warren, Miami, for appellant.
Randy D. Ellison, West Palm Beach, and Charles M. Eiss of Glantz and Glantz, P.A., Plantation, for Appellee Innovative Marketing and Distribution Services, Inc., a/k/a Haines Healthcare.
GROSS, Judge.
This is an appeal from an order denying a motion to stay a counterclaim and compel arbitration. We affirm.
The parties entered into a contract under which appellee would solicit orders for medical *177 items from health care entities. Appellant was to supply the products to fill the orders. The contract provided that either party "may submit any dispute arising from [the] Agreement to arbitration by sending notice to the other of its election to do so."
In February, 1996, appellant filed suit against appellee for breach of contract, foreclosure of a security agreement, and account stated. A short time later, appellant obtained a prejudgment writ of garnishment, which resulted in funds being placed in an escrow account under the names of the parties' attorneys.
Appellant served a request for admissions in March, 1996, and filed a second amended complaint, adding counts for breach of an oral agreement and for recovery of garnished funds, and splitting the original breach of contract claim into three counts. In July, 1996, appellant served a request for admissions, a request for production, and two sets of interrogatories.
In December, 1996, the trial court granted appellee's motion to consolidate this case with another one filed by a different plaintiff against appellee, involving claims similar to the ones made in this case.
In January, 1997, after its motion to dismiss was denied, appellee filed its answer, affirmative defenses, counterclaim, and third party complaint. Both an affirmative defense and the counterclaim contended that the contract had been fraudulently induced. A second count of the counterclaim claimed breach of contract for appellant's failure to provide a specified annual sales volume.
On February 14, 1997, appellant filed a motion to stay and to compel arbitration. After a hearing, the trial court denied the motion.
Appellant waived its right to arbitrate because of its active participation in litigation. See Breckenridge v. Farber, 640 So.2d 208, 212 (Fla. 4th DCA 1994). Appellant argues that it did not participate in the litigation in relation to the counterclaim, so that claim should be subject to arbitration. However, the counterclaim does not involve issues separate and distinct from those raised in appellant's amended complaint; appellant sues for breach of contract, while appellee says that that contract was fraudulently induced and, if enforceable, breached by appellant. The matters raised in the counterclaim are intertwined with issues raised in the amended complaint, since to decide each claim a fact finder would necessarily have to resolve fact issues common to both.
This close relationship between the claims of the parties distinguishes this case from those cited by appellant, where claims subject to arbitration were "separate and distinct" from claims for which arbitration had arguably been waived. See Design Benefit Plans, Inc. v. Enright, 940 F.Supp. 200 (N.D.Ill.1996); Gingiss Int'l, Inc. v. Bormet, 58 F.3d 328 (7th Cir.1995). Similarly, the counterclaim did not significantly alter the scope and nature of the litigation, such that it revived a previously waived right to demand arbitration. Cf. Gilmore v. Shearson/American Express Inc., 811 F.2d 108 (2d Cir.1987); Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388 (7th Cir.1995). Finally, a waiver of arbitration may be demonstrated absent a showing of prejudice to the party opposing arbitration. See Breckenridge, 640 So.2d at 211.
AFFIRMED.
KLEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.