FULMER, Judge.
Peggy J. Hawkins appeals from a nonfi-nal order granting a motion to compel arbitration. Because we hold that the ap-pellees waived their right to compel arbitration when they filed suit in circuit court to enforce their rights under the parties’ contract, we reverse the trial court’s order.
The appellees are attorneys who represented Hawkins in a marital dissolution proceeding. After the dissolution proceeding was resolved, the appellees sued Hawkins to recover additional fees they claimed were owed them under their retainer agreement (“the contract”). Hawkins answered the complaint and filed a counterclaim. The appellees answered the counterclaim asserting affirmative defenses and moved the trial court to compel binding arbitration in accordance with a provision in the contract that states: “Any fee disputes will be subject to binding arbitration, pursuant to the appropriate Florida or local Bar procedure.” The trial court granted the motion.
Hawkins argues on appeal that the ap-pellees waived the right to compel arbitration when they filed suit to enforce the contract. This general proposition is correct. See Prudential-Bache Sec., Inc. v. Pauler, 488 So.2d 894, 895 (Fla. 2d DCA 1986) (“a party is deemed to have waived arbitration if the right to arbitration is asserted after the party has actively participated in the lawsuit”); see also Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 390 (7th Cir.1995) (invoking judicial process is presumptive waiver of right to arbitration).
The appellees argue that although they waived the right to arbitrate when they initiated the lawsuit, their right to demand *1003 arbitration was revived when Hawkins filed her counterclaim. This same argument was rejected by the court in Owens & Minor Medical, Inc. v. Innovative Marketing and Distrib. Serv., Inc., 711 So.2d 176 (Fla. 4th DCA 1998). In that case, the court held that a counterclaim did not significantly alter the scope and nature of the litigation such that it revived a previously waived right to demand arbitration because the counterclaim did not involve issues separate and distinct from those raised in an amended complaint. For the same reason, we hold that the trial court erred in granting the appellees’ motion to compel arbitration in this case. Hawkins’ counterclaim did not alter the scope and nature of the litigation to the extent that it revived the appellees’ previously waived right to demand arbitration.
Reversed and remanded.
CAMPBELL, A.C.J., and STRINGER, J., Concur.