DAMOORGIAN, J.
Steven Greenberg, Mitchell C. Fogel, and Robert Chestman (Plaintiffs) are appealing the order granting Steven Sellers and Old World Renaissance, Inc.’s (Sellers) motion to compel arbitration. We reverse that part of the order that requires arbitration of the claim for equitable relief of accounting (Count I) and affirm the order in all other respects.
Plaintiffs and Sellers entered into an operating agreement to form a company, with Sellers acting as the company manager. The purpose of the company was to operate a land development project. The operating agreement contained the following arbitration provision:
Any dispute, claim or controversy concerning the management and operation of the Company (including, without limitation, the rights and liabilities of the members under this Agreement) will be settled by arbitration in Boca Raton, Florida.... Notwithstanding this provision, the aggrieved party shall be entitled to injunctive and/or equitable relief in a court of competent jurisdiction.
After a dispute arose between the parties, Plaintiffs filed a five-count complaint for Accounting (Count I); Breach of Contract (Count II); Breach of Fiduciary Duty (Count III); Conversion (Count IV); and Violation of the Florida Deceptive and Unfair Trade Practices Act (Count V). In response, the Sellers moved to compel arbitration of all claims pursuant to the arbitration provision. Ultimately, the trial court concluded that all of Plaintiffs’ claims were arbitrable and ordered the parties to arbitration.
Our review of an order on a motion to compel arbitration is de novo. See Hospicecare of Se. Fla., Inc. v. Major, 968 So.2d 117, 118 (Fla. 4th DCA 2007). We agree with the trial court’s conclusion that Plaintiffs’ claims for Breach of Contract (Count II); Breach of Fiduciary Duty (Count III); Conversion (Count IV); and Violation of the Florida Deceptive and Un *383 fair Trade Practices Act (Count V) are subject to arbitration and affirm that part of the order.
However, with respect to the demand for accounting (Count I), the arbitration provision agreement provides that “[n]ot-withstanding this [arbitration] provision, the aggrieved party shall be entitled to injunctive and/or equitable relief in a court of competent jurisdiction.” Because in count one, Plaintiffs sought the equitable relief of accounting, the trial court erred in granting Sellers’ motion to compel arbitration in its entirety. Cf. Info. Tech. & Eng’g Corp. v. Reno, 813 So.2d 1053, 1055-56 (Fla. 4th DCA 2002). Therefore, we reverse as to this issue only, and remand to allow the trial court to retain jurisdiction over Plaintiffs’ request for accounting.

Affirmed in part; reversed in part; and remanded.

WARNER and MAY, JJ., concur.