ROTHENBERG, J.
 

 Apartment Investment and Management Company, et al. (collectively, “AIMCO”) appeal from a non-final order denying their motion to compel arbitration. We affirm.
 

 On June 7, 2011, Flamingo/South Beach 1 Condominium Association, Inc. (“the Association”) sued AIMCO alleging that it ■violated provisions of the Reciprocal Maintenance, Use and Easement Agreement (“the Agreement”). The Agreement subjects three parcels (the North, Center, and South Towers) to various easements, restrictions, and covenants that run with the land. Under the Agreement, the South Tower was allocated thirty-two percent of the parking spaces for the use of its residents and “permittees” — which were later divided into reserved and unreserved spaces. In addition, the Association is permitted to charge and retain fees for the use of its allocated spaces.
 

 In its complaint, the Association alleged that AIMCO was improperly charging the Association’s condominium residents and their “permittees” for parking. The Association claimed this violated the Agreement and deprived them of the full enjoyment of their property, depreciated the value of the individual properties, and otherwise injured their personal and property rights. According to the Association, when a resident or “permittee” (usually a guest) obtains a parking pass from AIM-CO, AIMCO does not determine whether South Tower’s allocated spaces are available, but instead charges the resident or guest and retains the fee. The Association further alleged that after it began to dispute these charges, AIMCO retaliated by selectively enforcing the policies governing issuance of parking permits, and began aggressively exercising its right to tow unauthorized vehicles owned by South Tower residents and their permittees.
 

 As originally filed, the Association’s complaint raised eight counts: (I) Injunc-tive Relief for Violation of Restrictive Covenant; (II) Violation of Restrictive Covenant Imposition of Constructive Trust; (III) Injunctive Relief for Selective Enforcement of Parking Policies; (IV) In-junctive Relief to Abate Maintenance of a Nuisance; (V) Equitable Accounting; (VI) Equitable Lien; (VII) Constructive Trust; and (VHI) Declaratory Judgment. The Association has since voluntarily dismissed Count VHI, without prejudice.
 

 
 *1092
 
 Based on the broad arbitration provision in section 18.1 of the Agreement, AIMCO moved to compel arbitration and stay the trial court proceedings. The Association opposed the motion arguing that its claims fall under section 18.2(b), which provides an exception to arbitration for equitable relief. Following a hearing, the trial court entered an order denying AIMCO’s motion to compel arbitration and stay the proceedings.
 
 [1]
 
 This appeal followed.
 

 We review an order denying a motion to compel arbitration
 
 de novo. Idearc Media Corp. v. M.R. Friedman & G.A. Friedman, P.A.,
 
 985 So.2d 1159, 1161 (Fla. 3d DCA 2008). In Florida, a trial court must consider three elements before ruling on a motion to compel arbitration: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.
 
 Gen. Impact Glass & Windows Corp. v. Rollac Shutter of Tex., Inc.,
 
 8 So.3d 1165, 1167 (Fla. 3d DCA 2009) (citing
 
 Seifert v. U.S. Home Corp.,
 
 750 So.2d 633, 636 (Fla.1999)). Only the second inquiry is implicated in this appeal.
 

 “In ruling on a motion to compel arbitration, Florida courts should resolve all doubts in favor of arbitration rather than against it.”
 
 Medanic v. Citicorp Inv. Servs.,
 
 954 So.2d 1210, 1211 (Fla. 3d DCA 2007). However, “no party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate.”
 
 Seifert,
 
 750 So.2d at 636.
 

 Arbitration agreements are governed by general contract law, and courts must “discern the intent of the parties from the language used in their agreement.”
 
 Citigroup, Inc. v. Amodio,
 
 894 So.2d 296, 298 (Fla. 4th DCA 2005). “[W]here parties bargain for and/or contemplate exceptions to arbitration in their contracts, their intentions should control.”
 
 Rath v. Network Mktg., L.C.,
 
 790 So.2d 461, 465 (Fla. 4th DCA 2001). Therefore, to determine whether the trial court properly denied the motion to compel arbitration, we must examine the language of the Agreement.
 

 Section 18.1 of the Agreement sets forth a broad arbitration provision, which states, in pertinent part: “Any controversy, dispute, or claim of any nature arising out of, in connection with, or in relation to the interpretation, performance, enforcement or breach of this Agreement, including any claim based on contract, tort, or statute, shall be resolved at the written request of any Owner by binding arbitration.” Section 18.2(b), however, provides an exception to section 18.1’s arbitration provision:
 

 Equitable Relief and Exempt Claims.
 
 Notwithstanding anything in this Section 18 to the contrary, this Section 18 shall not prevent ... an Owner[
 
 2
 
 ] from seeking and obtaining equitable relief on a temporary or permanent basis, including, without limitation, a temporary restraining order, a preliminary or permanent injunction or similar equitable relief, from a court of competent jurisdiction ... in order to protect or enforce the rights of such owner under this Agreement or to prevent irreparable harm and injury. The court’s jurisdiction over any such equitable matter, however, shall be expressly limited only to the temporary, preliminary, or permanent equitable relief sought. All other claims initiated under this Agree
 
 *1093
 
 ment shall be determined in accordance with Section 18.1.
 

 Section 18.2(b) demonstrates that the parties intended to allow “a court of competent jurisdiction” — here, the circuit court of Miami-Dade County — to provide preliminary or permanent equitable relief. Counts I, III, and IV of the complaint, which seek permanent injunctive relief, are clearly governed by the plain language of the Agreement’s arbitration exception. In addition, equitable accounting (Count V) is a remedy falling under the Agreement’s exception to arbitration.
 
 See Greenberg v. Sellers,
 
 2 So.3d 381, 383 (Fla. 4th DCA 2008) (holding that equitable accounting was a non-arbitrable issue where the agreement provided that “[njotwithstand-ing this [arbitration] provision, the aggrieved party shall be entitled to injunctive and/or equitable relief in a court of competent jurisdiction”) (emphasis in original). Similarly, the remaining counts request equitable relief — constructive trusts (Counts II and VII)
 
 [3]
 
 and an equitable lien (Count VI)
 
 [4]
 
 — and thus, are also exempted under the Agreement.
 

 Because the parties intended to exempt equitable claims from arbitration, and the complaint only seeks equitable relief, all of the claims may be resolved by the trial court without requiring resolution by arbitration.
 
 Cf. Swan Landing Dev., LLC v. Fla. Capital Bank, N.A.,
 
 19 So.3d 1068 (Fla. 2d DCA 2009) (requiring breach of contract counts to proceed by arbitration where the agreement provided that only equitable actions were exempted from the mandatory arbitration provision). Accordingly, we conclude that the trial court properly denied AIMCO’s motion to compel arbitration.
 

 Affirmed.
 

 [1]
 

 . Prior to the denial of AIMCO’s motion to compel arbitration, the trial court granted temporary injunctive relief.
 

 [2]
 

 . Under the terms of the Agreement, the Association is the “Owner” of the South Tower.
 

 [3]
 

 . A constructive trust is an equitable remedy invoked to avoid an unjust enrichment.
 
 Saporta v. Saporta,
 
 766 So.2d 379, 381 (Fla. 3d DCA 2000);
 
 see also Collinson v. Miller,
 
 903 So.2d 221, 228 (Fla. 2d DCA 2005);
 
 Bauman v. Rayburn,
 
 878 So.2d 1273, 1275 n. 1 (Fla. 5th DCA 2004).
 

 [4]
 

 . "[A]n equitable lien ‘is a right granted by a court of equity, arising by reason of the conduct of the parties affected which would entitle one party as a matter of equity to proceed against’ certain property.”
 
 Epstein v. Epstein,
 
 915 So.2d 1272, 1274-75 (Fla. 4th DCA 2005) (quoting
 
 Gables Racing Ass’n v. Persky,
 
 148 Fla. 627, 6 So.2d 257, 263 (1942)).