NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANDRE FRANKLIN, INC., a Florida )
corporation, and ANDRE FRANKLIN, )
individually, )
                              )
          Appellants, )
                              )
v. )       Case No. 2D14-1151
                              )
HERB WAX and JILL WAX, Husband and )
Wife, )
                              )
          Appellees. )
                              )

Opinion filed

Appeal from the Circuit Court for
Hillsborough County; Charles E. Bergmann,
Judge.

Paul J. Kelly of Paul J. Kelly, P.A., St.
Petersburg, for Appellants.

Marie Tomassi and Anne C. McAdams of
Trenam, Kemker, Scharf, Barkin, Frye,
O'Neill & Mullis, P.A., St. Petersburg, for
Appellees.


SLEET, Judge

        Andre Franklin, Inc., and Andre Franklin, individually, (collectively referred

to as "Franklin"), appeal the trial court's denial of a motion to compel arbitration and

motion to abate proceedings pending arbitration. Because Franklin did not take action inconsistent with its right to arbitration, it did not waive its right to arbitration.[1] Accordingly, we reverse.

In January 2007, Herb and Jill Wax contracted with Franklin to restore a historic home they had purchased. Within the contract, the parties agreed to, among other things, arbitrate disputes. After five years a disagreement arose relating to payment. Franklin subsequently recorded a claim of lien against the Waxes' home.

In November 2012, the Waxes filed a four-count complaint against Franklin alleging (1) a show cause action pursuant to section 713.21, Florida Statutes (2012), for issuance of a summons requiring Franklin to show cause why the claim of lien should not be vacated; (2) a fraudulent lien; (3) slander of title; and (4) breach of contract.

Franklin responded by simultaneously filing a motion to enforce arbitration, a motion to abate, a motion to dismiss for failure to comply with Florida Rule of Civil Procedure 1.130(a) and for failing to file presuit notice required by section 558.004, Florida Statutes (2012), an answer and affirmative defenses, and counterclaims for foreclosure of lien and breach of contract. All motions were set for a hearing. After the July 3, 2013, hearing the trial court granted, in part, Franklin's motion to dismiss and allowed the Waxes to amend their complaint to include presuit notice pursuant to section 558.004.

---

[1]In this opinion, we do not reach the issue of whether any of the claims raised in the complaint are arbitrable.

In November 2013, the Waxes filed their amended complaint. Franklin responded by simultaneously filing its renewed motion to enforce arbitration, renewed motion to abate, and answer and affirmative defenses to amended complaint. The trial court held a hearing on the motions on February 4, 2014. The Waxes argued that Franklin waived its right to arbitrate by filing counterclaims and arguing the motion to dismiss during the first hearing. The trial court agreed with the Waxes and concluded that Franklin waived its right to arbitration. The trial court's principal reason for finding that Franklin waived its right to arbitrate was Franklin's filing of a counterclaim for breach of contract. The court concluded that Franklin had sought affirmative relief from the court by filing that claim and sought to enforce the contract. The court entered its order denying Franklin's motion to compel arbitration and motion to abate.

We review a trial court's order denying a motion to compel arbitration de novo. See Waterhouse Constr. Group, Inc. v. 5891 SW 64th St., LLC, 949 So. 2d 1095, 1097 (Fla. 3d DCA 2007). We note that Florida public policy favors arbitration. See SCG Harbourwood, LLC v. Hanyan, 93 So. 3d 1197, 1199 (Fla. 2d DCA 2012). The contractual right to arbitration, however, is subject to waiver. See Mora v. Abraham Chevrolet-Tampa, Inc., 913 So. 2d 32, 34 (Fla. 2d DCA 2005). A party may waive its contractual right to arbitrate by actively participating in a lawsuit or taking action inconsistent with that right. Waterhouse, 949 So. 2d at 1100. The Waxes argue that Franklin acted inconsistently with its right to arbitrate by filing the counterclaims and rely on Coral 97 Associates, Ltd. v. Chino Electric, Inc., 501 So. 2d 69 (Fla. 3d DCA 1987), for support.

In Coral, the parties entered into a contract where Chino agreed to make certain improvements to property owned by Coral. Id. at 70. The parties agreed to arbitrate disputes. Id. Eventually, Chino instituted an action against Coral for foreclosure of a mechanic's lien and breach of contract without requesting arbitration. Id. Coral filed a motion to dismiss the complaint arguing that Chino failed to state a cause of action and failed to comply with contractual provisions requiring arbitration. Id. Coral also filed a counterclaim for breach of contract. Id. Prior to the hearing on the motion to dismiss, Coral filed a notice of taking Chino's deposition. Id. The Third District held that Coral waived its right to arbitration by taking the inconsistent action of filing a counterclaim and noted that a party may waive arbitration either by taking an active part in the litigation or by undertaking an action inconsistent with that right. Id.

However, a year after deciding Coral, the Third District clarified its holding in Coral when it decided Concrete Design Structures, Inc. v. P.L. Dodge Foundation, Inc., 532 So. 2d 1334 (Fla. 3d DCA 1988). In Concrete, the court held that filing a counterclaim and motion to dismiss the complaint at the same time a motion to compel arbitration is filed did not constitute a waiver of the right to arbitration. Id. at 1334-35. The court clarified that in Coral "it was the act of implementing discovery, following the simultaneous filings of the counterclaim and motions to arbitrate and dismiss, that was held inconsistent with and thus a waiver of the arbitration right." Id. See also Avid Eng'g, Inc. v. Orlando Marketplace Ltd., 809 So. 2d 1 (Fla. 5th DCA 2001) (holding that filing a counterclaim with a motion to arbitrate did not waive the right to arbitration).

In light of the holdings in Concrete and Avid, we conclude that Franklin did not waive its contractual right to arbitrate by filing a counterclaim simultaneously with its

- 4 -

motion to compel arbitration, motion to dismiss, and motion to abate. Franklin did not implement discovery. Franklin's filing of the counterclaims and motion to dismiss at the same time as a motion to compel arbitration is filed, without more, does not waive the contractual right to arbitrate. See Concrete, 532 So. 2d at 1334.

Accordingly, we reverse the order denying the motion to compel arbitration and the motion to abate pending arbitration and remand for proceedings consistent with this opinion.

Reversed and remanded.

NORTHCUTT and CRENSHAW, JJ., Concur.