NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JORDAN L. CHAIKIN,                       )
                                         )
            Appellant,                   )
                                         )
v.                                       )         Case No.  2D16-4883
                                         )
PARKER WAICHMAN LLP, a Florida           )
limited liability partnership; and       )
JERROLD S. PARKER, individually,         )
                                         )
            Appellees.                   )
                                         )
_____  )

Opinion filed October 11, 2017.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Lee County; Jay
B. Rosman, Judge.

Traci T. McKee and Kyle C. Dudek of
Henderson, Franklin, Starnes & Holt, P.A.,
Fort Myers, for Appellant.

Alan J. Kluger, Michael T. Landen, and
Christina M. Himmel of Kluger, Kaplan,
Silverman, Katzen & Levine, P.L., Miami,
for Appellees.


LaROSE, Chief Judge.

        Jordan L. Chaikin appeals a nonfinal order granting a motion to compel

arbitration of his counterclaims against Parker Waichman LLP and Jerrold S. Parker

(collectively, "Parker Waichman").  We have jurisdiction.  See Fla. R. App. P.

9.130(a)(3)(C)(iv).  Because Parker Waichman waived its right to compel arbitration, we reverse.

## Background Facts

Parker Waichman is a New York-based law firm.  In November 2007, it hired Mr. Chaikin as an associate in its Florida office.  Allegedly, Mr. Chaikin signed an employment agreement and received an employee handbook detailing the terms, conditions, and obligations of his employment.[1]

Almost three years later, Parker Waichman made Mr. Chaikin a "profit partner."  The parties executed a Partnership Agreement to herald Mr. Chaikin's promotion.  Among other rights and duties, the Partnership Agreement entitled Mr. Chaikin to share in the firm's annual earnings.  Significantly, for the purposes of this appeal, the Partnership Agreement provided that "[a]ny controversy or claim arising out of or relating to this Agreement, or any alleged breach hereof, or arising out of or relating to the Partners and the Partnership, may be settled by arbitration conducted in Nassau, New York, at the option of the Partnership."

Over the ensuing years the relationship between Mr. Chaikin and Parker Waichman soured, marked by mutual recriminations of disloyalty and disapprobation.  Mr. Chaikin resigned abruptly in December 2015.  Thereafter, Parker Waichman sued him in Lee County.  Mr. Chaikin answered the complaint.  He asserted several affirmative defenses and counterclaims.  Parker Waichman moved to dismiss the

---

[1]Our record contains a signed copy of the employee handbook; we have no fully executed employment agreement.  Parker Waichman contends that "Mr. Chaikin executed a copy of this employment agreement at the time he was hired" and "[i]t is believed that the executed copy is in [Mr. Chaikin]'s possession."  Because a signed copy of the employment agreement is not critical to the resolution of the issue before us, we need not afford it further consideration.

counterclaims "as subject to an arbitration provision contained in the [Partnership Agreement]." The trial court ruled in favor of Parker Waichman. The trial court found that the arbitration clause was valid and enforceable, that "Parker Waichman did not knowingly and intentionally relinquish its right to arbitrate," and that the "claims alleged in the Counterclaim[s] are arbitrable." Observing that the counterclaims were based solely on Parker Waichman's alleged breach of the Partnership Agreement, the trial court concluded that the counterclaims fell squarely within the ambit of the arbitration clause. The order dismissing the counterclaims in favor of arbitration seemingly creates an incongruous result: Parker Waichman's lawsuit remains before a trial court in Lee County, while Mr. Chaikin's related counterclaims are consigned to arbitration in New York.

## Analysis

"Generally, the three fundamental elements that must be considered when determining whether a dispute is required to proceed to arbitration are: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Jackson v. Shakespeare Found., Inc., 108 So. 3d 587, 593 (Fla. 2013) (citing Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999)). The sole issue before us is whether Parker Waichman waived its right to arbitrate Mr. Chaikin's counterclaims. On this dispositive issue, the parties' positions diverge.

Mr. Chaikin contends that Parker Waichman waived its right to arbitrate by suing him in the first instance in Lee County. Seeking affirmative relief in the trial court, according to Mr. Chaikin, constituted a waiver of the right to arbitrate "an adversary's counterclaims that implicate similar issues."

- 3 -

In contrast, Parker Waichman argues that the claims asserted in its amended complaint were based upon Mr. Chaikin's violations of the employment agreement and employee handbook, neither of which contain an arbitration clause. Parker Waichman insists that it did not waive the right to arbitrate the counterclaims by suing in state court.

Generally, "[w]e review an order granting or denying a motion to compel arbitration de novo." Roth v. Cohen, 941 So. 2d 496, 499 (Fla. 3d DCA 2006). However, "whether a party has waived the right to arbitrate is a question of fact, reviewed on appeal for competent, substantial evidence to support the lower court's findings." Green Tree Servicing, LLC v. McLeod, 15 So. 3d 682, 686 (Fla. 2d DCA 2009) (quoting Mora v. Abraham Chevrolet-Tampa, Inc., 913 So. 2d 32, 33 (Fla. 2d DCA 2005)).

"Florida public policy favors arbitration." Andre Franklin, Inc. v. Wax, 150 So. 3d 815, 816 (Fla. 2d DCA 2014). Thus, the "use [of arbitration provisions is] generally favored by the courts." Seifert, 750 So. 2d at 636. Nonetheless, the right to arbitration is not unbridled. "The contractual right to arbitration . . . is subject to waiver." Andre Franklin, Inc., 150 So. 3d at 816 (citing Mora, 913 So. 2d at 34). Based upon the record before us,[2] we conclude that Parker Waichman waived its right to arbitrate and the trial court's order dismissing the counterclaims was in error. We reverse and return this matter to the trial court for further proceedings.

---

[2]Parker Waichman argues that we cannot conduct a review of the order because there is no transcript of the hearing on its motion to dismiss. Because the motion to dismiss hearing consisted solely of legal argument, not the taking of evidence, the absence of a transcript does not preclude our review of the order on appeal. See Houk v. PennyMac Corp., 210 So. 3d 726, 730-31 (Fla. 2d DCA 2017); Fish Tale Sales & Serv., Inc. v. Nice, 106 So. 3d 57, 63 (Fla. 2d DCA 2013).

" 'Waiver' has been defined 'as the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right.' " Green Tree Servicing, LLC, 15 So. 3d at 687 (quoting Raymond James Fin. Servs., Inc. v. Saldukas (Saldukas II), 896 So. 2d 707, 711 (Fla. 2005)). "A party may waive its contractual [arbitration right] by actively participating in a lawsuit or taking action inconsistent with that right." Andre Franklin, Inc., 150 So. 3d at 816 (citation omitted). "The essential question is whether, under the totality of circumstances, the defaulting party has acted inconsistently with the arbitration right." Green Tree Servicing, LLC, 15 So. 3d at 687 (quoting Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 774 (D.C. Cir. 1987)).

In its nine-count amended complaint, Parker Waichman raised various claims against Mr. Chaikin, the gravamen of which concern his time as a profit partner. For example, Count IV of the amended complaint alleges that "[a]s a partner at Parker Waichman, [Mr.] Chaikin owed a fiduciary duty to Parker Waichman," which he breached by covertly communicating with and soliciting Parker Waichman's clients, "stealing proprietary information that belonged to Parker Waichman for his own benefit," and disclosing confidential information.

Count IV falls within the broad scope of the Partnership Agreement's arbitration clause. See Olson v. Fla. Living Options, Inc., 210 So. 3d 107, 111 (Fla. 2d DCA 2016) ("The addition of the words 'relating to' broadens the scope of an arbitration provision to include those claims that are described as having a 'significant relationship' to the contract . . . ." (quoting Jackson, 108 So. 3d at 593)). Further, a significant relationship existed between this breach-of-fiduciary-duty count and the Partnership Agreement.

> [A] significant relationship is described to exist between an arbitration provision and a claim if there is a "contractual nexus" between the claim and the contract. A contractual nexus exists between a claim and a contract if the claim presents circumstances in which the resolution of the disputed issue requires either reference to, or construction of, a portion of the contract. More specifically, a claim has a nexus to a contract and arises from the terms of the contract if it emanates from an inimitable duty created by the parties' unique contractual relationship.

Id. (alternation in original) (citations omitted) (quoting Jackson, 108 So. 3d at 593). Although Count IV is grounded upon Mr. Chaikin's alleged breach of his fiduciary duties under the Partnership Agreement, Parker Waichman elected to pursue this claim in state court.

As a further example, in seeking an accounting in Count IX of the amended complaint, Parker Waichman alleged that "Chaikin was a partner in the Parker Waichman law firm," and that "Parker Waichman is entitled to all partnership assets, property, books, records[,] or benefits . . . derived during the course of his employment with Parker Waichman." Count IX necessarily implicates Mr. Chaikin's fiduciary obligations under the Partnership Agreement. Cf. Cassedy v. Alland Inv. Corp., 128 So. 3d 976, 978 (Fla. 1st DCA 2014) (noting that while an action for accounting is a distinct cause of action from breach of a fiduciary duty, "an action for an accounting . . . may be available where a fiduciary duty exists"). By seeking relief for alleged breaches of the Partnership Agreement, Parker Waichman could have pursued Count IX in arbitration.

In response to the amended complaint, Mr. Chaikin asserted several counterclaims: breach of contract, breach of fiduciary duty, breach of duty of loyalty, breach of covenant of good faith and fair dealing, unjust enrichment, and tortious

interference with an advantageous business relationship. Mr. Chaikin alleged that each claim stems from Parker Waichman's breaches of the Partnership Agreement.

Parker Waichman argues that the amended complaint is "solely based on breaches of Chaikin's Employment Agreement and Employee Handbook." As recounted, above, this assertion is incorrect. At a minimum, Counts IV and IX arise from the Partnership Agreement. Therefore, Parker Waichman's attempts to frame these claims as arising out of either or both the employment agreement and the employee handbook is unavailing. The initial lawsuit and the counterclaims find their genesis in the Partnership Agreement.

Parker Waichman's election to seek relief in state court has consequences. As we have noted, "[a] party's active participation in a lawsuit is inconsistent with arbitration." Green Tree Servicing, LLC, 15 So. 3d at 687. "[A] party acts inconsistently with the right to arbitration when the party actively participates in the lawsuit by either prosecuting or defending issues that are subject to arbitration." Gen. Elec. Capital Corp. v. Bio-Mass Tech, Inc., 136 So. 3d 698, 701 (Fla. 2d DCA 2014) (citing Green Tree Servicing, LLC, 15 So. 3d at 687); see also Seville Condo. # 1, Inc. v. Clearwater Dev. Corp., 340 So. 2d 1243, 1245 (Fla. 2d DCA 1976) ("The prosecution or defense of a lawsuit on issues subject to arbitration may constitute a waiver." (citation omitted)). By electing to sue and pursue relief in the trial court on arbitrable claims arising out of or relating to the Partnership Agreement, Parker Waichman waived its right to seek arbitration. "Initiating a lawsuit . . . without first seeking arbitration, constitutes an affirmative selection of a course of action which runs counter to the purpose of arbitration." Beverly Hills Dev. Corp. v. George Wimpey of Florida, Inc., 661 So. 2d 969, 971 (Fla. 5th DCA 1995) (citation omitted).

Correspondingly, Parker Waichman's decision to sue in state court was adverse to its insistence that Mr. Chaikin's counterclaims, founded upon the same Partnership Agreement, be submitted to arbitration. What is sauce for the goose is sauce for the gander. Cf. Green Tree Servicing, Inc., 15 So. 3d at 687 ("[O]nce a party has waived the right to arbitration by active participation in a lawsuit, the party may not reclaim the arbitration right without the consent of his or her adversary." (citing Williams v. Manor Care of Dunedin, Inc., 923 So. 2d 615, 616-17 (Fla. 2d DCA 2006); then citing Bared & Co. v. Spec. Maint. & Constr. Inc., 610 So. 2d 1, 3 (Fla. 2d DCA 1992))).

Hawkins v. James D. Eckert, P.A., 738 So. 2d 1002 (Fla. 2d DCA 1999), is helpful. There, we reversed an order compelling arbitration of the appellant's counterclaims. Id. at 1002-03. The appellant was represented by the appellees' law firm in a divorce case. Id. at 1002. The appellees later sued to recover fees owed under a retainer agreement. The appellant filed an answer, affirmative defenses, and a counterclaim. The appellees answered the counterclaim, asserted affirmative defenses, and also moved to compel arbitration pursuant to an arbitration provision in the retainer agreement. We agreed with the appellant that "the appellees waived the right to compel arbitration when they filed suit to enforce the [retainer agreement]." Id.

As in Hawkins, by pursuing relief in the trial court based upon the Partnership Agreement, Parker Waichman waived its right to compel arbitration of Mr. Chaikin's counterclaims, which were also based upon the Partnership Agreement. See also Twin Oaks at Southwood, LLC v. Summit Constructors, Inc., 941 So. 2d 1263, 1268 (Fla. 1st DCA 2006) (reversing trial court's order dismissing the defendant's counterclaims in favor or arbitration where plaintiff's initiation of lawsuit waived the right to arbitration); Owens & Minor Med., Inc. v. Innovative Mktg. and Distribution Servs.,

Inc., 711 So. 2d 176, 177-78 (Fla. 4th DCA 1998) (affirming trial court's denial of plaintiff's motion to compel arbitration of defendant's counterclaim due to plaintiff's "active participation in litigation" where the plaintiff initiated litigation in the trial court and the "matters raised in the counterclaim [were] intertwined with issues raised in the amended complaint").

## Conclusion

Accordingly, we reverse the order dismissing Mr. Chaikin's counterclaims in favor of arbitration and remand for further proceedings consistent with this opinion.

Reversed and remanded.


WALLACE and KHOUZAM, JJ., Concur.