NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DAVID WILSON,                              )
                                           )
            Appellant,                     )
                                           )
v.                                         )        Case No. 2D18-2431
                                           )
AMERILIFE OF EAST PASCO, LLC               )
(f/k/a AMERI-LIFE AND HEALTH               )
SERVICES OF EAST PASCO, LLC), a            )
Delaware Limited Liability Company,        )
                                           )
            Appellee.                      )
                                           )
_____)

Opinion filed May 8, 2019.

Appeal from the Circuit Court for Pinellas
County; George M. Jirotka, Judge.

Christopher L. DeCort and Nicole Deese
Newlon of Johnson & Cassidy, P.A.,
Tampa, for Appellant.

Ryan M. Scully, Clearwater (withdrew
after briefing); R. Nathan Hightower,
Clearwater, for Appellee.


MORRIS, Judge.

        David Wilson appeals a nonfinal order compelling arbitration of his

counterclaims, thereby staying the litigation of them, in an action brought by AmeriLife

of East Pasco, LLC, f/k/a Ameri-Life and Health Services of East Pasco, LLC.[1]  We conclude that the trial court erred in compelling arbitration because the filing of AmeriLife's complaint resulted in a waiver of its right to seek arbitration and the filing of Wilson's counterclaims did not revive that right to arbitration.  We therefore reverse the order on appeal.

BACKGROUND

AmeriLife is an insurance company.  Wilson worked as a sales agent for AmeriLife from November 2008 until August 2016, when his employment was terminated.  AmeriLife filed a complaint against Wilson in November 2017 alleging that after Wilson's employment was terminated, he violated provisions of an independent agent agreement (agent agreement) and an independent agent noncompete agreement (noncompete agreement).  As a result, AmeriLife sought damages for breach of contract, tortious interference with contractual and advantageous business agreements, and misappropriation and use of confidential trade secrets.  AmeriLife also sought an injunction and restitution for unjust enrichment.

The agent agreement specifically includes a section entitled "ARBITRATION," which provides in relevant part that if the parties did not settle any dispute within sixty calendar days after the initiation of negotiation, then all claims (except for claims made under paragraphs 10 and 12) "arising out of or relating to" the agreement shall be resolved by arbitration.  The arbitration provision provides the exception that "[n]othing herein contained shall in any way deprive either party of its

---

[1]We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(1)(B) and 9.130(a)(3)(C)(iv).

right to seek a temporary restraining order, preliminary or permanent injunction or other equitable relief in a court of competent jurisdiction."

Conversely, the noncompete agreement does not include an arbitration provision. This fact is not in dispute. On the issue of remedies, the noncompete agreement provides, in relevant part, that "[i]n addition to any remedies otherwise available at law, . . . the Agency shall be entitled to recover damages for your replacement of, or interference with, business of Agency, whether done directly or indirectly, by you or to which you are a participant in any manner." The remedies provision of the noncompete agreement also sets forth a liquidated damages amount for each day that Wilson is found to be in violation of that agreement.

The noncompete agreement prohibited Wilson from competing with AmeriLife within thirty-five miles of AmeriLife's offices for a period of twenty-four months following the effective date of his termination. This meant that Wilson could not sell certain insurance products or solicit or deal with AmeriLife's customers regarding the sale of insurance products of the type sold by AmeriLife during the stated period. The noncompete agreement also prohibited Wilson from misappropriating AmeriLife's confidential information and trade secrets both during and following his termination. Similarly, the agent agreement also contained terms prohibiting Wilson from contacting and soliciting AmeriLife's customers for the purpose of obtaining their business regarding certain insurance products and prohibiting Wilson from using or disclosing AmeriLife's trade secrets and confidential information.

AmeriLife alleged that shortly after Wilson's termination, it learned that he was violating both the agent agreement and the noncompete agreement by attempting

3

to establish business relationships with current and potential AmeriLife customers and/or contractors and by attempting to move their business to him in lieu of beginning or continuing their business relationship with AmeriLife.

Wilson filed an answer and affirmative defenses which included counterclaims for declaratory and injunctive relief, breach of contract based on improper termination and vested renewal commissions or commission account statements, an accounting (relating to the commissions), and for violations of the Fair Labor Standards Act (based on an alleged overtime violation).

Instead of responding to the counterclaims, AmeriLife filed its motion to compel arbitration and to stay litigation of Wilson's counterclaims.[2]  AmeriLife acknowledged that the agent agreement contained an arbitration provision that applied to "all claims" arising out of that agreement, and it argued that all of Wilson's counterclaims "arise out of what Wilson alleges was the improper termination of his Agent Agreement and damages related to the termination of the Agent Agreement."

Wilson filed a response in opposition to the motion to compel arbitration, arguing that AmeriLife's claims were based on the agent agreement and that AmeriLife waived its right to seek arbitration by failing to confine its request for relief to injunctive or equitable relief and, instead, additionally seeking damages.  Wilson further contended that AmeriLife acted inconsistently "with its purported intent to arbitrate" by requesting in January 2018 to take Wilson's deposition.  Wilson then asserted that the filing of his counterclaims did nothing to revive AmeriLife's right to seek arbitration because his counterclaims did not "alter the scope and nature of the litigation."

_____

[2]AmeriLife requested that its claims be allowed to proceed.

The trial court held a hearing on the motion to compel arbitration but made no factual findings. Ultimately, the trial court entered an order granting AmeriLife's motion to compel arbitration of Wilson's counterclaims and to stay litigation related to those counterclaims only, though the order again failed to contain any factual findings.

ANALYSIS

In determining whether parties are required to arbitrate a dispute, courts must consider three elements: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999). The outcome of this case rests on the third element: waiver.

We generally review an order granting or denying a motion to compel arbitration de novo, but the issue of "whether a party has waived the right to arbitrate is a question of fact, reviewed on appeal for competent, substantial evidence to support the lower court's findings." Chaikin v. Parker Waichman LLP, 253 So. 3d 640, 643 (Fla. 2d DCA 2017) (quoting Green Tree Servicing, LLC v. McLeod, 15 So. 3d 682, 686 (Fla. 2009) (en banc)).

"Waiver" has been defined "as the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right." Raymond James Fin. Servs., Inc. v. Saldukas, 896 So. 2d 707, 711 (Fla. 2005) (citing Major League Baseball v. Morsani, 790 So. 2d 1071, 1077 n.12 (Fla. 2001)). "This general definition of waiver is applicable to a right to arbitrate." Id. Therefore the issue of whether an arbitration agreement has been waived "should be analyzed in much the same way as in any other contractual context,"

5

and the focus is "whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." Id. (quoting Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 774 (D.C. Cir. 1987)).

A party which seeks to rely on its right to arbitration must safeguard the right and not act inconsistently with it. McLeod, 15 So. 3d at 687 (citing Nat'l Found. for Cancer Research, 821 F.2d at 774). However, actively participating in a lawsuit is inconsistent with arbitration. Id. Thus, "a party may waive [its] right to arbitration by filing a lawsuit without seeking arbitration." Id. (citing Seville Condo. #1, Inc. v. Clearwater Dev. Corp., 340 So. 2d 1243, 1245 (Fla. 2d DCA 1976)); see also Chaikin, 253 So. 3d at 643. Notably, "once a party has waived the right to arbitration by active participation in a lawsuit, the party may not reclaim the arbitration right without the consent of [its] adversary." McLeod, 15 So. 3d at 687.

Here, by filing its complaint, AmeriLife actively participated in the lawsuit thereby waiving its right to arbitration of Wilson's counterclaims. If AmeriLife's complaint had sought only equitable relief on its claims arising out of the agent agreement, we might conclude that there was no waiver because the agent agreement clearly allowed AmeriLife to seek injunctive relief in court.[3]

---

[3]Cf. Apartment Inv. & Mgmt. Co. v. Flamingo/S. Beach 1 Condo. Ass'n, 84 So. 3d 1090 (Fla. 3d DCA 2012). There, the Third District Court of Appeal reviewed a circuit court's construction of an arbitration provision similar to the one in the agent agreement in this case. The provision, while requiring arbitration of disputes arising out of an agreement between the parties, also contained exceptions. Id. at 1091-92. Specifically, the arbitration provision provided that the condominium association was not precluded from seeking and obtaining equitable relief in court. Id. at 1092. Thus, because all of the condominium association's claims were equitable in nature, the court held that all of the claims "may be resolved by the trial court without requiring resolution by arbitration." Id. at 1093.

6

But here, the claims in AmeriLife's complaint were not solely equitable in nature. Rather, AmeriLife sought both equitable and legal relief. See Swan Landing Dev., LLC v. Fla. Capital Bank, N.A., 19 So. 3d 1068, 1072 (Fla. 2d DCA 2009) (distinguishing between claim to foreclose a mortgage, which was equitable in nature and therefore an exception to the arbitration agreement contained within the note, and claims for breach of contract which were legal in nature and subject to arbitration provision). Crucial to our holding is the fact that AmeriLife's legal claims had a contractual nexus to the agent agreement that contained the arbitration provision. See Chaikin, 253 So. 3d at 644 (explaining that a claim has a contractual nexus to a contract "if it emanates from an inimitable duty created by the parties' unique contractual relationship"). By electing to sue and pursue relief in the circuit court on arbitrable claims arising out of the agent agreement, AmeriLife acted inconsistently with its right to arbitrate the legal claims and, as a result, waived its right to seek arbitration of any claims arising out the agent agreement. See id. at 645 (holding that by electing to sue and seek relief in the trial court on arbitrable claims arising out of a partnership agreement, appellee waived its right to seek arbitration).

We are not persuaded by AmeriLife's argument that its claim for misappropriation and misuse of trade secrets was an exception to the arbitration provision. The noncompete agreement, as we already explained, did not contain an arbitration provision, and paragraph 5 of the noncompete agreement incorporated paragraph 18 of the agent agreement which addresses misappropriation and misuse of trade secrets. However, the arbitration provision in the agent agreement makes clear that "all claims, (with the exception of claims arising out of Paragraphs 10 and 12),

7

arising out of or relating to this Agreement and the transactions contemplated hereunder to which the Agreement relates, . . . shall be resolved by arbitration." Thus the fact that the noncompete agreement incorporates paragraph 18 of the agent agreement does not remove paragraph 18 from being subject to arbitration. It merely means that a claim of misappropriation and misuse of confidential trade secrets is a violation of both paragraph 5 of the noncompete agreement and paragraph 18 of the agent agreement.

We likewise reject AmeriLife's argument that the references in paragraphs 15 and 18 of the agent agreement to the ability of AmeriLife to recover damages somehow implicitly except those paragraphs from the arbitration provision. Clearly, the parties knew how to *specifically* except types of claims as indicated by the specific exception to arbitration for claims brought under paragraphs 10 and 12. If the parties intended for claims brought under paragraphs 15 and 18 to also be excepted from arbitration, they could have stated so. They did not. Once AmeriLife sought damages for arbitrable claims arising out of the agent agreement, including those arising out of paragraphs 15 and 18, it waived its right to seek arbitration.[4]

Finally, we are not convinced by AmeriLife's argument that the references in the arbitration provision to a "court having jurisdiction" or AmeriLife "prevailing in court proceedings" indicates that the parties intended for certain claims, such as those arising out of paragraphs 15 and 18, to be addressed in court rather than through arbitration. We construe those references as relating to circumstances not present here, namely,

_____

[4]We note that in its answer brief, AmeriLife briefly referenced paragraph 20 of the agent agreement. Notably, however, AmeriLife made no substantive argument relating to that paragraph. Like paragraphs 15 and 18, paragraph 20 was not specifically excepted from the arbitration provision. Thus any claim arising out of a violation of that paragraph would also act as a waiver of the right to arbitrate.

8

an arbitration award being reduced to judgment or to court proceedings involving claims arising out paragraphs 10 and 12.

Having determined that AmeriLife waived its right to arbitrate claims arising out of the agent agreement, we must next determine whether Wilson, by filing his counterclaims, revived AmeriLife's right to arbitrate legal claims under the agent agreement. Owens & Minor Med., Inc. v. Innovative Mktg. & Distribution Servs., Inc., 711 So. 2d 176 (Fla. 4th DCA 1998), is instructive on this issue.

In Owens, the parties entered into a contract containing an arbitration provision that allowed the parties to submit any dispute arising out of the contract to arbitration by sending notice to the other party. Id. at 177. A dispute arose, and the appellant filed its action for breach of contract, foreclosure of a security agreement, and account stated. Id. After the appellee's motion to dismiss was denied, the appellee filed an answer, affirmative defenses, counterclaim, and third-party complaint; the counterclaims alleged fraudulent inducement and breach of contract. Id. The appellant's motion to stay the proceedings and compel arbitration was denied. Id.

On appeal, although the appellant argued that it had not participated in the litigation in relation to the counterclaims, the Fourth District Court of Appeal rejected that assertion and concluded that the appellant waived its right to arbitrate due to its active participation in the litigation. Id. The court explained that the counterclaims did "not involve issues separate and distinct from those raised in appellant's amended complaint" and "[t]he matters raised in the counterclaim[s] are intertwined with issues raised in the amended complaint." Id. The court also noted that "the counterclaim[s] did not significantly alter the scope and nature of the litigation, such that [they] revived a

9

previously waived right to demand arbitration." Id. Ultimately, the court concluded that the finder of fact would have to resolve factual issues that were common to both the amended complaint and the counterclaims, and it affirmed the denial of the motion to compel arbitration. Id.; see also Chaikin, 253 So. 3d at 645 (holding that appellee's decision to pursue relief in the trial court of arbitrable claims waived its right to compel arbitration of appellant's counterclaims which were based on same agreement, noting that "[w]hat is sauce for the goose is sauce for the gander").

Here, the entirety of this dispute involves Wilson's employment with AmeriLife. We reject the argument made by AmeriLife that Design Benefit Plans, Inc. v. Enright, 940 F. Supp. 200 (N.D. Ill. 1996), a case that the Owens court cited, requires an affirmance. Although the court in Design Benefit Plans, Inc. concluded that a defendant's counterclaim for unpaid commissions revived any waived right to arbitrate, the case is factually distinguishable. There, the plaintiff originally filed a complaint for breach of restrictive covenants in an agent agreement and included claims for a declaratory judgment, breach of contract, and tortious interference with contractual relations. 940 F. Supp. at 202. The defendant's counterclaim for unpaid commissions was deemed to significantly alter the nature of the litigation because it involved a claim that was separate and distinct from the plaintiff's claims. Id. at 203. Thus the court concluded that the plaintiff was entitled to seek arbitration of the defendant's counterclaims. Id. at 203, 207.[5]

---

[5]Owens distinguished Design Benefit Plans, Inc. on the basis that it involved claims that were subject to arbitration because they were separate and distinct from claims for which arbitration had arguably been waived. Owens, 711 So. 2d at 177. AmeriLife makes much of the fact that this court then relied on Owens in Hawkins v. James D. Eckert, P.A., 738 So. 2d 1002, 1003 (Fla. 2d DCA 1999). In Hawkins, we

10

But here, AmeriLife's attempt to liken Wilson's counterclaims to the counterclaim made in Design Benefit Plans, Inc. is unavailing. Wilson's counterclaims included a claim for breach of contract for unlawful termination of the agent agreement, and his other claims also arise out of the agent agreement. At the very least, the breach of contract claim based on unlawful termination is inextricably intertwined with AmeriLife's claims for breach of contract. It matters not that the parties' claims may have arisen under different paragraphs of the agent agreement. The crucial fact is that both parties raised claims arising out of the agent agreement containing the arbitration provision. See Chaikin, 253 So. 3d at 644-45 (rejecting the appellee's argument that only the appellant's counterclaims were subject to arbitration and concluding that the claims made in the complaint and counterclaims were intertwined because "[t]he initial lawsuit and the counterclaims find their genesis in the Partnership Agreement" containing the arbitration provision). We conclude that the issues raised in Wilson's counterclaims were reasonably foreseeable in the context of AmeriLife's complaint. Accordingly, we conclude that Wilson's counterclaims did not revive AmeriLife's previously waived right to demand arbitration.

---

rejected the argument that a party's right to arbitrate was revived by the filing of a counterclaim, as the court did in Owens, concluding that the counterclaim did not alter the scope and nature of the litigation to the extent that it revived the appellee's previously waived right to demand arbitration. Hawkins, 738 So. 2d at 1003. But that passing reference to Owens was not the holding of our case. And in any event, Design Benefit Plans, Inc. is two steps removed from our Hawkins opinion. Further, we are not bound by cases from federal district courts, and we hesitate to give much weight to the Design Benefit Plans, Inc. case when it provides no explanation for why the counterclaim was deemed separate and distinct from the claims made in the complaint such that it altered the nature of the litigation.

11

We therefore reverse the order staying litigation of Wilson's counterclaims in favor of arbitration and remand for proceedings in conformance with this opinion.

Reversed and remanded.


LUCAS and ROTHSTEIN-YOUAKIM, JJ., Concur.