340 So.2d 1243 (1976)
SEVILLE CONDOMINIUM # 1, INC., et al., Appellants,
v.
CLEARWATER DEVELOPMENT CORPORATION et al., Appellees.
No. 76-913.
District Court of Appeal of Florida, Second District.
December 17, 1976.
Rehearing Denied January 27, 1977.
*1244 Steven A. Anderson, of Anderson, Thorn, Grose & Quesada, Tampa, for appellants.
Gilbert P. Macpherson and Howard C. Batt of Robinson, Macpherson, Johnson & Harper, Clearwater, for appellees.
GRIMES, Judge.
This interlocutory appeal involves a dispute between eight condominium associations at the Seville Condominium complex in Pinellas County on the one hand (hereinafter called the Associations) and the developer and the management corporation for the complex on the other (hereinafter called the Management Corporation).
The Associations had previously entered into contracts with the Management Corporation providing for the maintenance and management of the condominiums, their recreational facilities and the common areas. In 1975, the parties fell into an acrimonious dispute. The Management Corporation notified the Associations that it was raising its fees pursuant to an escalation clause in the contracts. The Associations contended that the Management Corporation had no right to raise the fees and further that it was not properly performing the services required of it under the contracts.
Most of the residents of the Associations did not pay the increased maintenance fees. Premised upon the view that the Management Corporation was not properly performing its contracts, the Associations recommended to their members that no fees be paid whatsoever. Further, the Associations took steps toward bringing in a new management corporation. At this point, the Management Corporation brought suit seeking to enjoin the Associations and their principals from interfering with the collection of maintenance fees and seeking damages on a theory of tortious interference of contract. Two weeks later the court entered a temporary injunction directing that all management fees be paid according to the contract documents until further order and providing for an escrow of certain disputed payments.
In the meantime, the Associations had brought a class action on behalf of all the condominium residents against the Management Corporation. This suit was filed several hours after the Management Corporation's suit and requested a variety of relief including the cancellation of the management contract, an accounting of the maintenance fees and damages. Upon motion of the Management Corporation and with the concurrence of the Associations, the two suits were consolidated by an order entered a week after the entry of the temporary injunction. Ten days later the Management Corporation filed motions to dismiss the Associations' complaint. The following day the Management Corporation filed a motion to compel arbitration in the suit brought by the Associations. The court entered an order granting this motion, and one of the points on this appeal involves the propriety of this order.
While conceding that the subject matter of their complaint is within the scope of the arbitration provision of the contracts, the Associations insist that the Management Corporation waived its right to arbitration. Our analysis of this complicated proceeding compels us to agree.
In an exchange of correspondence which took place over a period of several months before the suits were filed, both sides through their attorneys had demanded arbitration of certain disputes pursuant to the arbitration clause in the contracts. At the same time both sides dragged their feet with respect to implementing the arbitration proceedings, and each side contended that only certain of the disputes were arbitrable. In essence, both sides took positions either in support of or opposing arbitration depending upon when and under what circumstances it was deemed to be in their own best interests.
At one point the Management Corporation's attorney unequivocally stated that *1245 the relief requested by the Associations was not arbitrable. The fact that the Associations also sometimes took positions inconsistent with arbitration is not important because the Associations are not now seeking arbitration. Our concern is whether the actions of the Management Corporation were so inconsistent with arbitration as to constitute a waiver. If there was any doubt, we think this was resolved when the Management Corporation was first to initiate legal action concerning the subject matter of the dispute and sought nothing by way of arbitration. Admittedly, some of the relief prayed for was beyond the scope of arbitration, but some of the issues which will have to be decided in that suit appear to be within the scope of arbitration provision. It is significant to note that the Management Corporation's complaint contained no prayer for arbitration of any matters deemed to be arbitrable, but simply sought a miscellany of relief from the court. Cf. Ojus Industries, Inc. v. Mann, 221 So.2d 780 (Fla. 3d DCA 1969).
The first time in either suit that the Management Corporation made any contention that arbitration should apply was after the injunction had been granted, after the two suits had been consolidated, and after its motion to dismiss the Associations' suit had been filed. At no time was any request for arbitration filed in the Management Corporation's suit. The Management Corporation apparently wants to have the Associations' suit determined by arbitration and its own suit determined by the court. Be that as it may, we think that the posture of this case and the inconsistent positions taken by the Management Corporation require that the order referring the case to arbitration be set aside.
It is well settled that a party may waive its right to arbitration by inconsistent conduct. Mike Bradford & Co. v. Gulf States Steel Co., 184 So.2d 911 (Fla. 3d DCA 1966); 6 Williston, Contracts, § 1921A (Rev. Ed. 1938); 5 Am.Jur.2d, Arbitration, § 51. The prosecution or defense of a lawsuit on issues subject to arbitration may constitute a waiver. Gettles v. Commercial Bank at Winter Park, 276 So.2d 837 (Fla. 4th DCA 1973); Mike Bradford & Co. v. Gulf States Steel Co., supra. In both of the foregoing cases the party who was deemed to have waived arbitration had proceeding much further in a lawsuit than the Management Corporation in this case. Nevertheless, when the actions of the Management Corporation in connection with the suits are considered together with the positions it took during pre-suit skirmishing, we conclude that a waiver occurred.
The other order attacked in this appeal relates to the request for notice to be given to all of the condominium residents in order for the court to make a final class determination and to provide appropriate proceedings for class representation and organization. We find no error in the entry of this order.
AFFIRMED IN PART, REVERSED IN PART.
BOARDMAN, Acting C.J., and GREEN, OLIVER L., Associate Judge, concur.