766 So.2d 407 (2000)
RINTIN CORPORATION, S.A., Appellant,
v.
DOMAR, LIMITED, Appellee.
No. 3D00-1241.
District Court of Appeal of Florida, Third District.
August 16, 2000.
Kluger, Peretz, Kaplan & Berlin, Abbey L. Kaplan, Michael D. Ehrenstein, Miami, and D. Fernando Bobadilla, for appellants.
*408 Astigarraga Davis Mullins & Grossman, Jose I. Astigarraga, Edward M. Mullins, Richard C. Lorenzo and Lydia C. Quesada, Miami, for appellee.
Before SCHWARTZ, C.J., and GODERICH and SORONDO, JJ.
GODERICH, Judge.
The plaintiff, Rintin Corporation, S.A. [Rintin], appeals from an order granting the defendant's motion to stay the proceedings pending arbitration. We affirm.
In 1995, the Dominican Republic sought to privatize a cement factory. Rintin, a Panama corporation, and Domar, Limited [Domar], a Bermuda corporation, formed a holding company to operate the cement factory. To that effect, Rintin and Domar executed a shareholders' agreement containing an arbitration clause that read, in pertinent part, as follows:
Any controversy arising from the interpretation, performance or termination of this agreement or its noncompliance that cannot be settled by the parties ... will be submitted to arbitration ... according to the provisions of Florida International Arbitration Act (FIAA) and the rules of the American Arbitration Association (AAA).
Additionally, the shareholders' agreement contained a "choice of law" provision that stated, "This agreement will be submitted to the laws of the State of Florida, United States of America."
Sometime after the privatization of the cement factory, Rintin became aware of allegedly fraudulent and wrongful acts of third parties that may have adversely affected the value of its investment in the holding company. Rintin brought suit against these parties in Panama and the Dominican Republic.
Thereafter, Domar filed a demand for arbitration with the AAA seeking the following relief: 1) to enjoin Rintin from pursuing its lawsuits in Panama and the Dominican Republic, 2) to award Domar damages for injuries caused by those lawsuits, and 3) to force a valuation of the holding company and a buy-out of Rintin's shares.
Rintin answered the demand for arbitration attacking the arbitrability of the disputes raised by Domar's demand for arbitration. Rintin then filed an action in circuit court seeking a declaration that the disputes raised by Domar's demand for arbitration were not arbitrable and requesting an injunction. In turn, Domar filed a motion to stay the proceedings pending arbitration or, in the alternative, a motion to dismiss, arguing that the disputes raised by Rintin required arbitration.
After conducting a hearing on the motion, the trial court granted Domar's motion to stay the proceedings pending arbitration and denied the motion to dismiss. The trial court reasoned that the arbitrators must rule on the arbitrability of the disputes presented because in the shareholders' agreement, the parties had referenced the Florida International Arbitration Act [FIAA], §§ 684.01-684.35, Fla. Stat. (1999), and the FIAA specifically provides that "whether the dispute is arbitrable... shall be for the arbitral tribunal to decide." § 684.22(1), Fla. Stat. (1999). Rintin's appeal follows.
Rintin contends that the trial court erred by granting Domar's motion for a stay pending arbitration because the shareholders' agreement lacked "clear and unmistakable evidence" of the parties' intent to submit the issue of arbitrability of the disputes to the arbitral panel. We disagree.
In First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), the Supreme Court stated, "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is `clea[r] and unmistakabl[e]' evidence that they did so." The Court also explained, "[A]rbitration is simply a matter of contract between the parties; *409 it is a way to resolve those disputes but only those disputesthat the parties have agreed to submit to arbitration." First Options, 514 U.S. at 943, 115 S.Ct. 1920 (1995). Further, courts are required to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms. See Volt Info. Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior Univ., 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).
In the instant case, although the parties did not include specific language indicating that the issue of arbitrability of a dispute will be submitted to an arbitral panel, they did include a specific reference to the FIAA which contains such a provision. The inclusion of this reference is "clear and unmistakable" evidence of the parties' intent to be governed by the FIAA and its provision requiring the submission of the issue of arbitrability of a dispute to the arbitral panel.
Similarly, the shareholders' agreement contains a "choice of law" provision that specifies that controversies regarding the shareholders' agreement will be submitted to the laws of the State of Florida. By including this "choice of law" provision, the parties expressed their intent to be bound by the laws of Florida, including, but not limited to, the FIAA. See Volt, 489 U.S. at 479, 109 S.Ct. 1248 ("Where as here, the parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goals of the [Federal Arbitration Act].").
Accordingly, the trial court properly entered a stay of the proceedings pending arbitration.
Affirmed.