PER CURIAM.
Appellants (collectively “Younessi”) entered into an agreement with Appellee (“Recovery Racing”), which contained an agreement to arbitrate under the American Arbitration Association (“AAA”) Rules. Instead of pursuing arbitration, Recovery Racing filed a complaint. Younessi responded to the lawsuit by filing a motion to compel arbitration and stay proceedings. Despite the contractual requirement of arbitration in accordance with AAA rules, the trial court ordered the parties to select an arbitrator. We find that this was error and reverse. Recovery Racing’s argument that the controversy is moot is without merit as the record demonstrates that a live controversy continued to exist when this appeal was filed. Godwin v. State, 593 So.2d 211, 212 (Fla.1992).
This court has jurisdiction over a trial court’s non-final determination which permits an arbitration proceeding outside of the arbitration agreement. See BDO Seidman, LLP v. Bee, 970 So.2d 869, 873 (Fla. 4th DCA 2007).
Where language of the contract clearly indicates that AAA rules govern, they are expressly incorporated into the contract. Terminix Int’l Co., LP v. Palmer Ranch Ltd. P’ship, 432 F.3d 1327, 1333 (11th Cir. 2005). The contract expressly stated that any dispute arising from it was to be arbitrated under AAA rules. Even though the contract does not specify how the arbitrator is to be selected, AAA rules have a procedure to be followed in such situations.1 In this case, AAA rules for the selection of an arbitrator should have been followed.
Florida courts have the authority to appoint arbitrators when the agreement fails to name an arbitrator or provide a method for determining the arbitrator. *366Reference to AAA rules provides a method for determining an arbitrator in this case. Thus, there was no authority for the court to appoint an arbitrator.
Recovery Racing’s one-page argument on appeal claims that Younessi’s compliance with the court order to select an arbitrator constitutes a waiver of the right to have AAA rules determine the selection of an arbitrator. A party seeking arbitration waives the right to arbitration by substantially participating “in litigation to a point inconsistent with an intent to arbitrate.” Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1315 (11th Cir. 2002); see also S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir.1990). The record does not persuade us that Younessi has substantially participated in litigation to a point inconsistent with his intent to arbitrate.
For the reasons stated, we reverse the trial court’s order compelling selection of an arbitrator.

Reversed.

MAY, C.J., DAMOORGIAN and CONNER, JJ., concur.

. AAA Rule 11 requires that AAA send each party an identical list of ten names of individuals listed on its national roster and encourages the parties to agree on an individual from this list. American Arbitration Association Dispute Resolution Services Worldwide, Commercial Arbitration Rules and Mediation Procedures, R-ll. Appointment From National Roster, 25 (June 1, 2009), http://www.adr.org/ aaa/ShowProperty?nodeId=/UCM/ADRSTG_ 004103&amp;amp;revision= latestreleased. If the parties cannot agree, each has fifteen days to strike objectionable names, prioritize the list, and return it to AAA. Id. Then, AAA will select an arbitrator based upon mutual preference. Id.