# Third District Court of Appeal

## State of Florida

Opinion filed January 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1652
Consolidated: 3D15-1124
Lower Tribunal No. 15-6405

_____

## Glasswall, LLC,

Appellant,

vs.

## Monadnock Construction, Inc., et al.,

Appellees.

Appeals from non-final and final orders from the Circuit Court for Miami-Dade County, John W. Thornton, Jr. and William Thomas, Judges.

Crabtree & Auslander, John G. Crabtree, Charles Auslander, George R. Baise, Jr., and Brian C. Tackenberg, for appellant.

Duane Morris LLP, Alvin D. Lodish and Richard D. Shane, for appellees.

Before WELLS, ROTHENBERG and EMAS, JJ.

WELLS, Judge.

In this consolidated appeal[1], Glasswall, LLC appeals from a non-final order denying its motion for a temporary injunction to stay a New York arbitration and from a non-final order granting the appellees' motion to stay the underlying cases in this matter pending conclusion of the New York arbitration. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(B), (a)(3)(C)(iv). Finding that the construction contracts at issue sufficiently demonstrate the parties' intent that an arbitrator decide issues of arbitrability, we affirm.

Glasswall is the manufacturer of impact-resistant windows and door systems used in high-rise commercial and residential buildings. Manadnock Construction, Inc. is the general contractor for two high-rise apartment buildings being constructed on the waterfront in Queens, New York. On January 3, 2013, Monadnock and Glasswall entered into AIA-modified contracts[2] pursuant to which Glasswall agreed to manufacture window assemblies for the New York project in return for $13 million. When a dispute arose over Glasswall's ability to timely deliver its product, Monadnock instituted an arbitration proceeding with the American Arbitration Association ("AAA") in New York, seeking various

---

[1] The parties to 3D15-1124 are Glasswall, LLC and Monadnock Contruction, Inc. The parties to 3D15-1652 are Glasswall, Monadnock, HPS 50th Avenue Associates, LLC, HPS Borden Avenue Associates, LLC, The Related Companies, and Bruce Beal.

[2] "AIA" stands for The American Institute of Architects. AIA contracts are "commonly used in the construction industry." Higley S. Inc. v. Park Shore Dev. Co., 494 So. 2d 227, 228 (Fla. 2d DCA 1986).

remedies and damages for Glasswall's purported breaches of the parties' contracts. For their part, Glasswall, its owner Ugo Colombo, and Colombo's wife, Sara Jayne Kennedy, each filed suits in Miami-Dade County Circuit Court challenging the propriety of the arbitration proceeding initiated by Monadnock in New York and asserting claims against Monadnock and the other appellees, several of which are the subject of this appeal (lower court case numbers 15-6405, 14-2090, and 14-5447).[3]

The parties then filed competing motions, with Glasswall seeking a temporary injunction to stay the New York arbitration and Monadnock seeking to stay the instant circuit court cases pending the outcome of the New York arbitration—the crux of the motions centering on whether the parties had agreed to submit the issue of arbitrability to an arbitrator. Upon finding that the parties' contracts evidenced a "clear and unmistakable" intent that an arbitrator decide issues of arbitrability because the agreements explicitly incorporated the Construction Industry Arbitration Rules of the AAA, the trial court entered separate orders denying Glasswall's motion for a temporary injunction and granting Monadnock's motion for a stay of the cases brought here pending arbitration. Glasswall appealed both orders which this has court consolidated for all purposes. For the following reasons we affirm.

---

[3] Glasswall voluntarily dismissed lower court case number 15-6017.

The subject construction contracts contain identical provisions wherein Glasswall and Monadnock agreed that claims arising out of their agreements would be subject to mediation followed by binding arbitration, both administered by the AAA in accordance with its construction industry rules and procedures in effect on the date of the agreements:

**ARTICLE 6 MEDIATION AND BINDING DISPUTE RESOLUTION**

**§ 6.1 MEDIATION**

**§ 6.1.1** Any claim arising out of or related to this Subcontract, except claims as otherwise provided in Section 4.1.5[4] and except those waived in this Subcontract, shall be subject to mediation as a condition precedent to binding dispute resolution.

**§ 6.1.2** The parties shall endeavor to resolve their claims by mediation which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association in accordance with its Construction Industry Mediation Procedures in effect on the date of the Agreement. A request for mediation shall be made in writing, delivered to the other party to this Subcontract and filed with the person or entity administering the mediation. The request may be made concurrently with the filing of binding dispute resolution proceedings but, in such event, mediation shall proceed in advance of binding dispute resolution proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order. If an arbitration is stayed pursuant to this Section, the parties may nonetheless proceed to the selection of the arbitrators(s) and agree upon a schedule for later proceedings.

. . . .

---

[4] No argument is made that this exception is at issue in these consolidated appeals.

## § 6.2 BINDING DISPUTE RESOLUTION

For any claim subject to, but not resolved by mediation pursuant to Section 6.1, the method of binding dispute resolution shall be as follows:

(Check the appropriate box. If the Contractor and . . . <u>Manufacturer</u> do not select a method of binding dispute resolution below, or do not subsequently agree in writing to a binding dispute resolution method other than litigation, claims will be resolved by litigation in a court of competent jurisdiction.)

[<u>X</u>] Arbitration pursuant to Section 6.3 of this Agreement

[  ] Litigation in a court of competent jurisdiction

[  ] Other (specify)

## § 6.3 ARBITRATION

**§ 6.3.1** If the Contractor and . . . <u>Manufacturer</u> have selected arbitration as the method of binding dispute resolution in Section 6.2, any claim subject to, but not resolved by, mediation shall be subject to arbitration which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules in effect on the date of the Agreement. . . .

The relevant Construction Industry Arbitration Rule of the AAA in effect at the time of the parties' agreements, which was incorporated by reference into the subject construction contracts, provides that the arbitrator has the power to rule on his or her own jurisdiction, including the arbitrability of a claim:

**R-9 Jurisdiction**

(a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

(b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

(c) A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

While arbitrability is generally an issue for a trial court to decide, "courts are required to enforce privately negotiated agreements to arbitrate." Rintin Corp., S.A. v. Domar, Ltd., 766 So. 2d 407, 408-09 (Fla. 3d DCA 2000). In Rintin, this court addressed a contract which like the one presently before us, did not include specific language indicating that the issue of arbitrability of a dispute would be submitted to an arbitral panel but did incorporate a reference to Florida's International Arbitration Act. There, we decided that such reference constituted "clear and unmistakable" evidence that the parties intended that arbitrability be determined by the arbitral panel:

> . . . Rintin and Domar executed a shareholders' agreement containing an arbitration clause that read, in pertinent part, as follows:
>
> > Any controversy arising from the interpretation, performance or termination of this agreement or its

6

> noncompliance that cannot be settled by the parties . . .
> will be submitted to arbitration . . . according to the
> provisions of Florida International Arbitration Act
> (FIAA) and the rules of the American Arbitration
> Association (AAA).
>
> . . . .
>
> In the instant, case, although the parties did not include specific
> language indicating that the issue of arbitrability of a dispute will be
> submitted to an arbitral panel, they did include a specific reference to
> the FIAA which contains such a provision. The inclusion of this
> reference is "clear and unmistakable" evidence of the parties' intent to
> be governed by the FIAA and its provision requiring the submission
> of the issue of arbitrability of a dispute to the arbitral panel.

Id. at 408, 409.

We find Rintin to be sufficiently analogous to this case to conclude that by

incorporating the Construction Industry Rules of the AAA which make the issue of

arbitrability subject to arbitration, there is "clear and unmistakable" evidence of

Glasswall's and Monadnock's intent to submit the issue of arbitrability to an

arbitrator.

In so holding, we note that the parties are in agreement that the majority of

federal courts considering similar circumstances where the AAA's arbitration rules

have been incorporated by reference into a contract likewise have found that the

parties sufficiently evidenced their intent to have arbitrators, not a court, hear and

decide issues of arbitrability. See, e.g., Oracle Am., Inc. v. Myriad Group A.G.,

724 F. 3d 1069, 1074 (9th Cir. 2013) ("Virtually every circuit to have considered

the issue has determined that incorporation of the American Arbitration Association's (AAA) arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability."); Petrofac, Inc. v. DynMcDermott Petroleum Operations Co., 687 F. 3d 671, 675 (5th Cir. 2012) ("We agree with most of our sister circuits that the express adoption of [AAA] rules presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability."); Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship, 432 F. 3d 1327, 1332 (11th Cir. 2005) ("By incorporating the AAA rules . . . into their agreement, the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid."). To this end, we decline Glasswall's invitation to side with those few courts which have found otherwise.[5]

Accordingly, we find the trial court properly denied Glasswall's motion for a temporary injunction and properly entered a stay of the multiple lower court proceedings pending the New York arbitration.

Affirmed.

---

[5] In particular, we disregard the California state appellate decision in Ajamian v. CantorCO2e, L.P., 137 Cal. Rptr. 3d 773 (Cal. Ct. App. 2012), upon which Glasswall heavily relies, as that case arose in the wholly non-analogous context of an un-negotiated employment agreement between an employer and its employee. There, the court refused to enforce an arbitration provision incorporated into the employment agreement finding it was "unconscionable" to do so because of the "unequal bargaining power" of the parties. Id. at 793, 795-96. No argument has been made here that Glasswall was not on equal footing with Monadnock when it negotiated and executed the construction agreements at issue here.