IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TIMBER PINES PLAZA, LLC,

      Appellant,

 v.                                                                                     Case No.  5D16-3275

RICHARD ZABRZYSKI and
 GRAZYNA B. MACHNIK,

      Appellees.

_____/

Opinion filed March 10, 2017

Non-Final Appeal from the Circuit Court
for Hernando County,
Donald E. Scaglione, Judge.

Randall P. Mueller and Michael P. Quinn,
of Carey, O'Malley, Whitaker & Mueller,
P.A., Tampa, for Appellant.

George G. Angeliadis, of The Hogan Law
Firm, Spring Hill, for Appellees.


WALLIS, J.

      Timber Pines Plaza, LLC ("Timber Pines"), appeals the trial court's order denying

its motion to compel arbitration on a counterclaim brought by Richard Zabrzyski and

Grazyna B. Machnik (collectively, "Appellees"). For reasons that follow, we reverse the

trial court's order and remand with instructions to grant Timber Pines' motion to compel

arbitration.

Timber Pines owns the Shopping Outlet Mall in Spring Hill, Florida (the "Outlet Mall"). The Outlet Mall contains two outparcels, the North Outparcel and the South Outparcel. In April 2014, Timber Pines contracted to sell the North Outparcel to Appellees for $550,000. The contract contains the following broad arbitration provision:

> **14. DISPUTE RESOLUTION:** This Contract will be construed under Florida law. All controversies, claims, and other matters in question arising out of or relating to this transaction or Contract or its breach will be settled as follows:
>
> **(a) Disputes concerning entitlement to deposits made and agreed to be made: Buyer and Seller** will have 30 days from the date conflicting demands are made to attempt to resolve the dispute through mediation. . . .
>
> **(b) All other disputes: Buyer and Seller** will have 30 days from the date a dispute arises between them to attempt to resolve the matter though mediation, failing which the parties will resolve the dispute through neutral binding **arbitration** in the county where the Property is located. The arbitrator may not alter the Contract terms or award any remedy not provided for in this Contract. . . .

Before the purchase and sale closed, Timber Pines imposed Amended Deed Restrictions (the "ADR") on the North Outparcel, which provide:

> All future buildings or structures, property or building uses or ancillary or related uses, plans, site plans, on site parking, remodeling, renovations or additions as to building type, construction and set backs, Tract replats or subdivisions and the like <u>must be previously submitted to and approved by [Timber Pines]</u>, its successors, heirs, assigns or successors in title in its sole discretion without necessity of consent of any other tract owner. Failure of [Timber Pines] to grant approval shall not be considered a waiver. [Timber Pines] also reserves for itself, its assignees and successors the right to approve and make any such changes described above for any property it owns, at any time without consent or approval by any tract owner.

2

(emphasis added). Appellees signed an acknowledgment form consenting to the ADR's terms. The transaction closed in October 2014, after which Appellees obtained building permits for the construction of a 6124 square foot building on the North Outparcel. Crucially, the contract for the sale of the North Outparcel does not reference, much less incorporate, the ADR.

In October 2015, Timber Pines filed a complaint for injunctive relief and damages, alleging that Appellees commenced construction on the North Outparcel without obtaining approval pursuant to the ADR. Timber Pines requested that Appellees cease construction and comply with the restrictions, but Appellees refused. The trial court denied Timber Pines' request for an injunction, and our court per curiam affirmed the trial court's ruling. Timber Pines Plaza, LLC v. Zabrzyski, No. 5D16-95, 2016 WL 7405671, at *1 (Fla. 5th DCA Dec. 20, 2016).

In March 2016, Appellees answered the original complaint and included a counter-claim for breach of contract, alleging that Timber Pines "failed or refused to object or otherwise provide any input on the building plans." Appellees further argued Timber Pines breached the contract by failing to provide them with a cross-parking easement. Timber Pines responded by moving to dismiss and compel arbitration on Appellees' counterclaim pursuant to the contract's arbitration provision. Appellees responded that Timber Pines waived its right to compel arbitration by asserting claims under the ADR that were "inextricably intertwined" with the contract. Neither party requested a hearing on Timber Pines's motion to compel arbitration, and the trial court ultimately denied Timber Pines's motion. The trial court's order does not include any factual findings or detail its reasons for denying the motion.

3

The issue before us is whether Timber Pines, by filing suit to enforce the ADR, waived its right to compel arbitration on Appellees' counterclaim for breach of the contract for the purchase and sale of the North Outparcel. We review de novo a trial court's ruling on a motion to compel arbitration, but we defer to the trial court's factual findings provided that they are supported by competent, substantial evidence. Fi-Evergreen Woods, LLC v. Estate of Vrastil, 118 So. 3d 859, 862 (Fla. 5th DCA 2013). As a matter of public policy, Florida law "favors arbitration as an efficient means of settling disputes because it avoids the delays and expenses of litigation." Gale Grp., Inc. v. Westinghouse Elec. Corp., 683 So. 2d 661, 663 (Fla. 5th DCA 1996). We generally consider three elements when ruling on a motion to compel arbitration: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999) (citing Terminix Int'l Co. v. Ponzio, 693 So. 2d 104, 106 (Fla. 5th DCA 1997)). "[T]he determination of whether an arbitration clause requires arbitration of a particular dispute necessarily 'rests on the intent of the parties.'" Id. (quoting Seaboard Coast Line R.R. v. Trailer Train Co., 690 F.2d 1343, 1348 (11th Cir.1982)).

"[T]he mere coincidence that the parties in dispute have a contractual relationship will ordinarily not be enough to mandate arbitration of the dispute." Id. at 638. Rather, "there must exist a significant relationship between the claim and the agreement containing the arbitration clause." Careplus Health Plans, Inc. v. Interamerican Med. Ctr. Grp., LLC, 124 So. 3d 968, 972 (Fla. 3d DCA 2013) (citing Seifert, 750 So. 2d at 637–38). The Florida Supreme Court has expanded upon the definition of "significant relationship" as follows:

4

A "significant relationship" between a claim and an arbitration provision does not necessarily exist merely because the parties in the dispute have a contractual relationship. Rather, a significant relationship is described to exist between an arbitration provision and a claim if there is a "contractual nexus" between the claim and the contract. A contractual nexus exists between a claim and a contract if the claim presents circumstances in which the resolution of the disputed issue requires either reference to, or construction of, a portion of the contract. More specifically, a claim has a nexus to a contract and arises from the terms of the contract if it emanates from an inimitable duty created by the parties' unique contractual relationship. In contrast, a claim does not have a nexus to a contract if it pertains to the breach of a duty otherwise imposed by law or in recognition of public policy, such as a duty under the general common law owed not only to the contracting parties but also to third parties and the public.

Jackson v. Shakespeare Found., Inc., 108 So. 3d 587, 593 (Fla. 2013) (citations omitted).

The determination as to whether a party waived the right to arbitrate "should be analyzed much the same way as in any other contractual context. The essential question is whether, under the totality of the circumstances, the . . . party has acted inconsistently with the arbitration right." Raymond James Fin. Servs., Inc. v. Saldukas, 896 So. 2d 707, 711 (Fla. 2005) (quoting Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 774 (D.C. Cir. 1987)). A party acts inconsistently with the arbitration right by prosecuting or defending "a lawsuit on issues subject to arbitration." Green Tree Servicing, LLC v. McLeod, 15 So. 3d 682, 687 (Fla. 2d DCA 2009) (quoting Seville Condo. #1, Inc. v. Clearwater Dev. Corp., 340 So. 2d 1243, 1245 (Fla. 2d DCA 1976)). Once a party waives the right to arbitrate, "the party may not reclaim the arbitration right without the consent of his or her adversary." Id.

We find that there exists no significant relationship between Timber Pines's claims under the ADR and the arbitration clause contained in the contract for the purchase and

sale of the North Outparcel. Accordingly, we find that Timber Pines did not waive its right to compel arbitration on Appellees' counterclaim. See id. Timber Pines referenced the contract in its complaint only to provide context for the parties' relationship and events leading up to the dispute. Timber Pines sought relief on the sole basis that Appellees commenced construction on the North Outparcel without obtaining approval as required by the ADR. The Florida Supreme Court has stressed that a "contractual nexus" requires that the claim "emanate[] from an inimitable duty created by the parties' unique contractual relationship." Jackson, 108 So. 3d at 593. Here, the contract creates no "inimitable duty" concerning prior approval before commencing construction; the contract is silent on this issue. See id. Only the ADR provides that Appellees must obtain approval before beginning construction on the North Outparcel. Thus, we agree with Timber Pines that there exists no significant relationship between its claim for injunctive relief under the ADR and Appellees' counterclaim under the contract because resolution of Timber Pines's claims does not require any "reference to or construction of some portion of the contract itself." Kolsky v. Jackson Square, LLC, 28 So. 3d 965, 969 (Fla. 3d DCA 2010) (quoting Seifert, 750 So. 2d at 638).

Of course, the instant dispute would not exist had the parties not contracted for the purchase and sale of the North Outparcel, but "the mere fact that the dispute would not have arisen but for the existence of the contract and consequent relationship between the parties is insufficient by itself to transform a dispute into one 'arising out of or relating to' the agreement." Seifert, 750 So. 2d at 638. The Fourth District Court addressed analogous facts in AMS Staff Leasing, Inc. v. Taylor, 158 So. 3d 682, 685 (Fla. 4th DCA 2015), where the employer and employee had an existing employment agreement that

6

contained an arbitration provision covering "any dispute" with the employer "arising under [the employee's] employment." The court found that, although the employee's worker's compensation claim arose from his employer-employee relationship, that claim was separate and distinct from the employment agreement containing the arbitration provision. Id. Similarly, Timber Pines's claim arose in part because it agreed to sell the North Outparcel to Appellees. However, once that sale closed, the ADR controlled the relationship between the parties regarding approval of construction plans—the only claim Timber Pines asserts in this case.

Based on the foregoing, we find that Timber Pines did not waive its right to compel arbitration on Appellees' counterclaim. Therefore, we reverse and remand with instructions to grant Timber Pines's motion to stay litigation of Appellees' counterclaim[1] and to compel arbitration.

REVERSED and REMANDED with Instructions

ORFINGER, J., and JACOBUS, B.W., Senior Judge, concur.

---

[1] See § 682.03(7), Fla. Stat. (2016) ("If the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration. If a claim subject to the arbitration is severable, the court may limit the stay to that claim.").