IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

REUNION WEST DEVELOPMENT PARTNERS, LLLP,

     Appellant,

v.                                      Case No.  5D16-3665

AFRANIO SANFORD GUIMARAES, JR.
AND SANDRA FALCAO AURELIANO S. GUIMARAES,

     Appellees.

_____/

Opinion filed July 7, 2017

Non-Final Appeal from the
Circuit Court for Osceola
County,
Kevin B. Weiss, Judge.

Jose G. Sepulveda and Veronica L. De
Zayas, of Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A., Miami, for
Appellant.

Scott R. Rost, of South Milhausen, P.A.,
Orlando, for Appellees.

PALMER, J.

     Reunion West Development Partners (Reunion) appeals the order entered by the

trial court denying its Motion to Compel Arbitration.[1] We reverse.

_____

     [1] Appellate jurisdiction is proper pursuant to rule 9.130 of the Florida Rules of
Appellate Procedure.

The Guimaraes (the buyers) filed a breach of contract action against Reunion. The complaint alleged a claim of breach of a Home Purchase Agreement and a claim for declaratory relief regarding the arbitration provision contained in said agreement. The arbitration provision provides, in relevant part:

> ARBITRATION. BY ENTERING INTO THIS AGREEMENT, BUYER AND SELLER AGREE THAT ANY CONTROVERSY, CLAIM OR DISPUTE, ARISING OUT OF OR RELATED TO THIS AGREEMENT OR BUYER'S PURCHASE OF THE PROPERTY OR ANY RIGHTS AND OBLIGATIONS BETWEEN THE PARTIES WILL BE RESOLVED BY BINDING ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT (TITLE 9 OF THE UNITED STATES CODE). THE ARBITRATION SHALL BE CONDUCTED IN ACCORDANCE WITH THE CONSTRUCTION INDUSTRY ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION ("AAA") AND THE TERMS OF THIS AGREEMENT.

Importantly, the Construction Industry Arbitration Rules of the American Arbitration Association authorizes the arbitrator to rule on the arbitrability of a dispute:

> **R-9. Jurisdiction**
> (a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

The buyers filed a Motion to Determine Arbitrability, and Reunion responded by filing a Motion to Compel Arbitration and to Stay the Proceedings. The trial court conducted a hearing on the parties' motions. Counsel for the buyers argued that the arbitration clause was not enforceable because there was no meeting of the minds and because its terms were unconscionable, citing to Basulto v. Hialeah Automotive, 141 So. 3d 1145 (Fla. 2014). Counsel for Reunion asserted that the issue of arbitrability was expressly reserved for the arbitrator to decide, citing to Glasswall, LLC v. Monadnock

2

_Construction, Inc._, 187 So. 3d 248 (Fla. 3rd DCA 2016). The trial court entered an order denying Reunion's Motion to Compel Arbitration, citing to _Basulto_.

Reunion argues that the trial court reversibly erred in relying on _Basulto_ and in rejecting its claim that the issue of arbitrability was for the arbitrator to decide. We agree.

Appellate courts "review de novo a trial court's ruling on a motion to compel arbitration, but . . . defer to the trial court's factual findings provided that they are supported by competent, substantial evidence." _Timber Pines Plaza, LLC v. Zabrzyski_, 211 So. 3d 1147, 1150 (Fla. 5th DCA 2017).

While arbitrability is generally an issue for trial courts to decide, courts must delegate the authority to the arbitrator if the parties' contract so provides. _Morton v. Polivchak_, 931 So. 2d 935, 938–39 (Fla. 2d DCA 2006); _accord_ _Glasswall_, 187 So. 3d at 251; _Grant v. Rotolante_, 147 So. 3d 128, 130-31 (Fla. 5th DCA 2014); _Rintin Corp., S.A. v. Domar, Ltd._, 766 So. 2d 407, 409 (Fla. 3d DCA 2000). "[W]hen . . . parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." _Contec Corp. v. Remote Solution, Co., Ltd._, 398 F. 3d 205, 208 (2nd Cir. 2005); _accord_ _Glasswall_. Where, like here, the language of the contract clearly states that AAA rules govern, then said rules are expressly incorporated into the contract. _Younessi v. Recovery Racing, LLC_, 88 So. 3d 364, 365 (Fla. 4th DCA 2012) (citing _Terminix Int'l Co. v. Palmer Ranch Ltd._, 432 F. 3d 1327, 1333 (11th Cir. 2005)).

Based on this case law, the trial court erred in denying Reunion's Motion to Compel Arbitration because the parties' contract expressly incorporates the Construction

Industry Arbitration Rules, and those rules provide that the arbitrator is authorized to rule on the arbitrability of the instant contract.

The trial court's reliance on Basulto was misplaced for several reasons. In that case, the buyers were challenging the existence of an enforceable contract, whereas here the buyers are only challenging the enforceability of the arbitration clause of their Home Purchase Agreement. Also, the arbitration clause at issue in Basulto did not incorporate the Construction Industry Arbitration Rules. Lastly, the terms of the contract in Basulto were substantively changed after signing, and contained inherently inconsistent provisions.

Accordingly, the trial court's order denying Reunion's Motion to Compel Arbitration is reversed and this matter remanded for further proceedings. Bank of America, N.A. v. Beverly, 183 So. 3d 1099 (Fla. 4th DCA 2015).[2]

REVERSED and REMANDED.

ORFINGER and EVANDER, JJ., concur.

---

[2] In light of the court's ruling on this issue, Reunion's other points on appeal are moot.

4