NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PETER ADKINS,                            )
                                         )
              Appellant,                 )
                                         )
v.                                       )        Case No. 2D18-1596
                                         )
MEMORIAL MOTORS, INC.,                   )
d/b/a LAKELAND TOYOTA,                   )
                                         )
              Appellee.                  )
_____  )

Opinion filed November 28, 2018.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Polk County;
Catherine L. Combee, Judge.

Philip A. Rhodes, Patrick J. Cremeens, and
Jeanne M. Cremeens of The Law Office of
Patrick Cremeens, P.L., Tampa, for
Appellant.

Walter C. Thomas, Jr., Lakeland, for
Appellee.


VILLANTI, Judge.


Peter Adkins appeals an order granting Memorial Motors, Inc., d/b/a

Lakeland Toyota's motion to stay litigation and compel arbitration.[1]  Because the record

_____

[1]We have jurisdiction.  See Fla. R. App. P. 9.130(a)(3)(C)(iv).

does not support Adkins' argument that Lakeland Toyota waived its right to arbitrate, we affirm.

Adkins purchased a used Audi from Lakeland Toyota, and as part of this purchase he signed a retail installment sale contract which contained a provision requiring the parties to arbitrate any dispute "which arises out of or relates to . . . [the] condition of this vehicle" if either party so requested. After Adkins experienced several problems with the Audi, he requested arbitration of the dispute by filing documents with the American Arbitration Association (AAA). However, because Lakeland Toyota had failed to pay certain arbitration fees several years earlier in a different arbitration proceeding before the AAA, the AAA initially refused to arbitrate the dispute.

As soon as Lakeland Toyota learned of the AAA's refusal, it took the necessary steps to pay the past due fees to the AAA and then notified Adkins that arbitration could move forward. By then, however, Adkins had changed his mind and no longer wanted to arbitrate. Instead, he filed suit against Lakeland Toyota, which responded by filing a motion to stay the litigation and compel arbitration. At a hearing on Lakeland Toyota's motion, the trial court determined that a legally binding agreement to arbitrate existed, that the parties' dispute fell within the scope of that arbitration agreement, and that Lakeland Toyota had not waived its right to arbitrate. Therefore, the court granted the motion. Adkins then filed this appeal, arguing as he did below that Lakeland Toyota's failure to pay the earlier AAA fees, which resulted in the AAA refusing to arbitrate the dispute, constituted a form of waiver of the right to arbitrate.

Both parties in this case agree that the elements a court must consider when determining whether to order arbitration are whether a valid written agreement to

arbitrate exists, whether an arbitrable issue exists, and whether the right to arbitrate has been waived. See Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999). They also agree that only the third element—waiver—is at issue in this appeal. Adkins contends that Lakeland Toyota's act of failing to pay the AAA fees in a different case several years earlier constituted a waiver of its right to arbitrate in this case because its conduct amounted to a voluntary relinquishment of a known right to arbitrate. See Raymond James Fin. Servs., Inc. v. Saldukas, 896 So. 2d 707, 711 (Fla. 2005) (defining "waiver" as "the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right" (citing Major League Baseball v. Morsani, 790 So. 2d 1071, 1077 n.12 (Fla. 2001))). In contrast, Lakeland Toyota contends that its failure to pay the earlier fees is irrelevant because that act, in a different case with a different purchaser under a different contract, cannot constitute an intentional relinquishment of its contractual right to arbitrate the current dispute with Adkins.

While Lakeland Toyota's actions in the prior proceeding may have constituted a waiver of its right to arbitrate in that proceeding, none of the actions it took in this proceeding are inconsistent with its right to arbitrate in this proceeding. When Lakeland Toyota received Adkins' request to arbitrate, it promptly took the necessary steps to resolve its earlier dispute with the AAA so that it could arbitrate the current dispute with Adkins. Neither that action nor any of its other actions were inconsistent with its right to arbitrate in this case. Therefore, the trial court's rationale in rejecting Adkins' argument is fully supported by the record.

Moreover, Adkins' reliance on the AAA Consumer Arbitration Rules is unavailing in this case for two reasons. First, the contractual right of a party to arbitration is not governed by rules unilaterally adopted by a private entity such as the AAA unless those rules are explicitly incorporated into the contract. Cf. Younessi v. Recovery Racing, LLC, 88 So. 3d 364, 365 (Fla. 4th DCA 2012) (holding that if the language of the contract clearly indicates that the AAA rules govern, then those rules are expressly incorporated into the contract and will govern resolution of the parties' dispute). Here, the contract between Adkins and Lakeland Toyota does not expressly incorporate the AAA Consumer Arbitration Rules. Therefore, they cannot be applied to negate Lakeland Toyota's contractual right to arbitrate.

Second, the unavailability of the AAA to conduct the arbitration does not negate the parties' agreement to arbitrate. See New Port Richey Med. Inv'rs, LLC v. Stern ex rel. Petscher, 14 So. 3d 1084, 1087 (Fla. 2d DCA 2009). Here, the parties' arbitration agreement provides that Adkins may choose the AAA "or any other organization to conduct the arbitration subject to" Lakeland Toyota's approval. Therefore, even if the AAA rules bar the AAA from arbitrating this dispute, those rules do not prevent Lakeland Toyota from enforcing its contractual right to have the dispute arbitrated by "any other organization" authorized to conduct arbitrations. Instead, in compliance with the contract, Adkins may select a different organization to arbitrate this dispute.

Accordingly, because the trial court was eminently correct in granting Lakeland Toyota's motion to stay litigation and compel arbitration, we affirm.

Affirmed.

SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.