# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LAUREL POINT CARE AND REHABILITATION CENTER, LLC,** and **DONNA WILDES** (as to Laurel Pointe Care and Rehabilitation Center),
Appellants,

v.

**ESTATE OF CAROL DESANTIS BY AND THROUGH FELIX DESANTIS,**
Appellee.

No. 4D20-873

_____

**LAUREL POINT CARE AND REHABILITATION CENTER, LLC, LAUREL POINT HOLDING, LLC, SUN ISLAND CAPITAL, LLC, SUN ISLAND HEALTHCARE, LLC, JOSEPH SCHWARTZ, SKYLINE HEALTHCARE, LLC, SKYLINE CENTRAL BILLING OFFICE, LLC, SKYLINE MANAGEMENT GROUP, LLC, 703 SOUTH 29TH STREET SPE, LLC, DONNA WILDES,** and **YOLETTE JEAN-LOUIS MARTELLY** (as to Laurel Pointe Care and Rehabilitation Center),
Appellants,

v.

**WILLIE J. HOWARD JR.,**
Appellee.

No. 4D20-2712

_____

**LAUREL POINT CARE AND REHABILITATION CENTER, LLC, SKYLINE MANAGEMENT GROUP, LLC, DONNA WILDES,** and **YOLETTE JEAN-LOIS MARTELLY**,
Appellants,

v.

**ESTATE OF MARION H. KIRBY, BY AND THROUGH MARION K. MCKINNEY, PERSONAL REPRESENTATIVE,** et al.,
Appellees.

No. 4D20-2367 (previously consolidated with 20-2387)

_____

**INTEGRATED HEALTH SERVICES AT CENTRAL FLORIDA, INC., LYRIC HEALTH CARE HOLDINGS III, INC.,** n/k/a **LYRIC HEALTH CARE HOLDINGS III, LLC, LYRIC HEALTH CARE, LLC, LYRIC HC OPERATIONS ACQUISITION, LLC, JOHN DWYER,** and **TIMOTHY F. NICHOLSON**,
Appellants,
v.

**ESTATE OF MARION H. KIRBY, BY AND THROUGH MARION K. MCKINNEY, PERSONAL REPRESENTATIVE,** et al.
Appellees.

No. 4D20-2387
_____

[June 16, 2021]

Consolidated appeals of nonfinal orders from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Barbara W. Bronis, Judge; L.T. Case Nos. 2018-CA-001065, 2018-CA-001838 and 2019-CA-000360.

4D20-873

Thomas A. Valdez, Vilma Martinez, and Kimberly J. Lopater of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, for appellants.

Lisa M. Tanaka and Jason R. Delgado of Wilkes & Associates, P.A., Tampa, for appellee.

_____

4D20-2712

Amy L. Dilday of McCumber, Daniels, Buntz, Hartig, Puig & Ross, P.A., Tampa, for appellants.

Lisa M. Tanaka and Jason R. Delgado of Wilkes & Associates, P.A., Tampa, for appellee.

_____

4D20-2367

Amy L. Dilday of McCumber, Daniels, Buntz, Hartig, Puig & Ross, P.A., Tampa, for appellants.

Lisa M. Tanaka and Jason R. Delgado of Wilkes & Associates, P.A., Tampa, for appellee Marion K. McKinney.

—————————————

4D20-2387

Kenneth N. Johnson of Mesches & Johnson, P.L., Palm Beach Gardens, for appellants.

Lisa M. Tanaka and Jason R. Delgado of Wilkes & Associates, P.A., Tampa, for appellee Marion K. McKinney.

—————————————

PER CURIAM.

We reverse the orders denying the motions to compel arbitration in these consolidated appeals. The trial court exceeded its authority by determining an issue that was clearly delegated to the arbitrator. The court concluded that the arbitration agreement did not satisfy a requirement in the arbitration rules that the agreement be a "separate document." The arbitration agreement in this case specifically referenced and incorporated the American Health Lawyers Association ("AHLA") Alternative Dispute Resolution Service Rules of Procedure for Arbitration. These rules require the arbitrator to decide whether the "separate document" and other requirements of the rules are met.

To the extent the separate-document requirement can be viewed as a challenge to the validity of the arbitration agreement or the arbitrability of the controversy—a matter normally reserved for the court to decide—we agree with Appellants that the agreement's language specifically referencing and incorporating the AHLA rules was a "clear and unmistakable" delegation of the authority to have the arbitrator decide the issue. *See Mia. Marlins, L.P. v. Miami-Dade Cnty.*, 276 So. 3d 936 (Fla. 3d DCA 2019); *Reunion W. Dev. Partners, LLLP v. Guimaraes*, 221 So. 3d 1278 (Fla. 5th DCA 2017) (concluding that an agreement incorporating specific arbitration rules providing for the arbitrator to determine arbitrability was sufficient to establish delegation).

This case is distinguishable from *Fallang Family Ltd. P'ship v. Privcap Cos., LLC*, 46 Fla. L. Weekly D639 (Fla. 4th DCA Mar. 24, 2021). In that case, a panel majority concluded that a general reference to the "AAA

3

rules," without specifying which subset of those rules would apply, was insufficient. The panel majority certified conflict with *Guimaraes, Glasswall, LLC v. Monadnock Construction, Inc.*, 187 So. 3d 248 (Fla. 3d DCA 2016), and *Miami Marlins, L.P.*, solely to the extent those opinions suggest that a general reference to the "AAA rules" can suffice as a "clear and unmistakable" delegation to have the arbitrator decide arbitrability.

Additionally, here, unlike *Fallang,* the rules use mandatory language requiring the arbitrator to decide the issue, unlike the permissive language at issue in *Fallang* that was insufficient to establish the arbitrator's exclusive authority over the issue. *Fallang*, 2021 WL 1115388 at *5 (agreeing that a rule stating "that the arbitrator 'shall have the power' does not grant *exclusive* authority to the arbitrator").

We reject Appellees' arguments that Appellants waived the right to have the arbitrator decide this issue or that Appellants failed to prove an arbitrable issue. Appellees' argument that the court erred in admitting the agreement under the business records exception to the hearsay rule has no merit.

The Appellants in case number 4D20-2367 raise purely procedural arguments. They contend that the court denied them procedural due process and erred by denying the motions to compel arbitration based on its earlier ruling in the order on appeal in case number 4D20-873. The trial court denied these motions "without prejudice" and recognized that it would follow this Court's ruling in 4D20-873. Under these unique circumstances, and because we have concluded that the trial court exceeded its authority in ruling on an issue that is clearly delegated to the arbitrator, we reverse the orders on appeal in 4D20-2367 as well.

Accordingly, we reverse and remand for the court to compel arbitration.

*Reversed and remanded.*

LEVINE, C.J., MAY and ARTAU, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***